THE STATE v. NEWTON HALBROOK and IDA HALBROOK, Appellants.

Division Two, December 22, 1925.

1. **SEARCH WARRANT: Act of 1923: Valid: Intoxicating Liquor.** Section 23 of the Act of 1923 (Laws 1923, p. 244), requiring that a petition for a search warrant shall set forth substantially the facts upon which the warrant is based, describing the thing to be searched and the thing to be seized as nearly as may be, the petition to be verified by the oath of the officer filing the same, and declaring that if it shall appear to the satisfaction of the court in which such petition is filed or the judge thereof in vacation, or the justice of the peace before whom the petition is filed, either from the facts set forth in said petition or from evidence heard thereon, that there is probable cause to believe that intoxicating liquor is being unlawfully manufactured, sold, stored or kept in any building, etc., the warrant shall issue, is not in conflict with Section 11 of Article 2 of the Constitution, declaring that "the people shall be secure in their persons, homes and effects, from unreasonable searches and seizures; and no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the person or thing to be seized, as nearly as may be; nor without probable cause, supported by oath or affirmation reduced to writing."

2. ———: **Probable Cause: Showing: Sworn Statement: Direct Proof.** A petition for the issuance of a search warrant, reduced to writing, clearly setting forth that intoxicating liquor was unlawfully kept and stored in a certain log building, definitely described and located, and made upon the oath of the prosecuting attorney and supported by the affidavit of the sheriff, and filed with the justice of the peace, is a sufficient showing of probable cause to meet the constitutional requirement, and to authorize the justice to issue it.

State v. Halbrook.

3. ———: Constitutional Restriction: Purpose. The clear purpose of the constitutional provision relating to search warrants was to limit the authority of the courts to reasonable search and seizure, and thereby to prevent them from being used as instruments of injustice and oppression.

4. INFORMATION: Personal Knowledge of Criminal Acts. Under the Constitution (Sec. 12, Art. 2) and the statute (Sec. 3849, R. S. 1919) the prosecuting attorney, without having personal knowledge of the facts, may, by information, initiate criminal proceedings against any person, even for a non-bailable offense, subject to the right of the accused to a preliminary examination.

5. ———: ———: Search Warrant. It is not a precedent condition to the filing of an application for a search warrant that the prosecuting attorney have personal knowledge of the truth of the facts stated in his sworn application therefor.

6. SEARCH WARRANT: Destruction of Property: Judicial Function: Moot Question. The court having properly overruled the motion to quash the search warrant and having properly ruled that the jug of whiskey obtained by the search was admissible in evidence, and no other property having been taken or destroyed, the contention of appellants that Section 25 of the Act of 1923 (Laws 1923, p. 244) is violative of the Constitution because it authorizes the sheriff in serving the warrant to take, remove and destroy grain products, fruit, syrup, sugar or other fruit products fit for use in the lawful manufacture of intoxicating liquor, upon the judgment of the officer, without the intervention of the court, becomes a mere moot question, and is not decided.

7. ———: U. S. Constitution. The Fourth Amendment of the U. S. Constitution, prohibiting unreasonable search and seizure, refers solely to Federal officers and agents, and has no application to searches and seizures under State laws by State officers.

8. INSTRUCTION: Reasonable Doubt: Failure to Give: No Exception. The statute (Sec. 4025, R. S. 1919) applies only to felony cases, and does not make a failure to instruct on reasonable doubt, presumption of innocence and burden of proof a ground for setting aside a verdict convicting defendants of a misdemeanor; and while it was error for the court to withdraw a proper instruction on reasonable doubt requested by defendants, after they had declined another instruction which the court framed and offered to give, yet if no exception was saved to the withdrawal, and defendants did not in their motion for a new trial call attention to the failure of the court to instruct on the question, the error will not work a reversal on appeal.

9. ———: Assault: Husband and Wife: Coercion: Equally Guilty. Criminal acts committed by the wife in the absence of her husband are not presumptively done under coercion, and if she acts of her own free will her coverture is no defense; and where there is evidence that the defendant wife was acting freely in conjunction with her husband in keeping and storing the jug of whiskey found in their corn crib, and in his absence undertook to conceal it, an instruction to the effect that if she jointly with him had possession of the whiskey the law, in the absence of explanation, presumes that she acted under his coercion, was too favorable to her, and the court having offered to give such instruction and defendants having declined it, they cannot complain that the court gave another instruction to the effect that all persons who act together with a common intent to commit a crime are equally guilty.

Corpus Juris-Cyc. References: Constitutional Law, 12 C. J., Section 212, p. 780, n. 98; Criminal Law, 16 C. J., Section 1110, p. 570, n. 90; Section 2388, p. 983, n. 28; Section 2389, p. 984, n. 36. Indictments and Informations, 31 C. J., Section 132, p. 626, n. 74. Intoxicating Liquors, 33 C. J., Section 237, p. 608, n. 75; Section 547, p. 791, n. 46, 47. Searches and Seizures, 35 Cyc., p. 1267, n. 20; p. 1273, n. 69.

Appeal from Dent Circuit Court.—*Hon. W. E. Barton,* Judge.

AFFIRMED.

*Wm. P. Elmer* for appellants.

(1) The search warrant was illegal and void: (a) The application of the prosecuting attorney stated no facts from which probable cause could be found to exist. It stated a conclusion. Sec. 11, Art. 2, Mo. Constitution; State v. Lock, 259 S. W. 116; State v. Owen, 259 S. W. 102; Craft v. Commonwealth, 247 S. W. 722; Holbrooks v. Doe, 247 S. W. 751. (b) The search warrant violated the defendant's rights under Secs. 11 and 23, Art. 2, of the Constitution, in searching his home and premises and compelling him to furnish evidence against himself, whether valid on its face or not. Lowry v. Rainwater, 70 Mo. 152; State v. Owen, 259 S. W. 101; State v. Cobb, 273 S. W. 739. (c) Section 25 of the Act of 1923, violates Sec. 11, Art. 2, of the Constitution by authorizing search and seizure upon the petition of officials without requiring or specifying the facts or grounds upon which said warrant must be based, or stated in

the application; and may be issued on parole evidence and is left to the determination of the justice of the peace. Said Section 25 also violates Sec. 30, Art. 2, of the Constitution, in permitting the arrest of defendant without a warrant on a criminal charge and without any offense being committed in the presence of an officer, and authorizing the destruction, taking and removal of property described in said section without due process of law and without making any provision for a hearing before or after taking and destroying said property, or summoning defendant into any court to try the truth of the application. It provides for confiscation and empowers the officer executing the search warrant, to determine what articles are or are not contraband. Sec. 25, Laws 1923, p. 244; 35 Cyc. 1267, note 20; Lowry v. Rainwater, 70 Mo. 152; State v. Owens, 259 S. W. 101; 12 C. J. 1250, 1251. (d) Because the affidavits of the prosecuting attorney and the sheriff were untrue in substance and in fact and were based on hearsay evidence. They had no knowledge of any violation of law by defendant at the time of swearing out the search warrant. It was proper to impeach the warrant by showing it was based on hearsay or false testimony. State v. Smith, 262 S. W. 65; State v. Shellman, 267 S. W. 941; State v. Price, 274 S. W. 501. (e) Notice is the essence of due process of law. None is provided for under Section 25. Bank v. Thompson, 156 S. W. 64; Wilcox v. Phillips, 169 S. W. 55; Wilcox v. Phillips, 260 Mo. 664; Ohlmann v. Clarkson, 120 S. W. 1155. (f) The search warrant did not command the officer to bring the confiscated goods before the justice or the circuit court, and is therefore void. 35 Cyc. 1268, (e) 1267 (2). (2) The search warrant was void. Upon the filing of the applications of the prosecuting attorney and sheriff the justice of the peace at once issued the search warrant. No findings of probable cause or order were made before the issuance of the same. This is required by Section 25, Sec. 11, Art. 1, Constitution. (3) The court erred in refusing to permit defendants to show John Welch the sheriff had no knowledge of the facts stated in

his affidavit when he made it. This affected his credibility, was an impeachment, and showed his interest and bias as a witness. 40 Cyc. 2651, 1663. (4) Instruction 2 is error. It is in direct conflict with the rule of law relating to crime by a wife in the husband's presence. Under it a wife stands on the same footing as unrelated defendants. Defendants requested an instruction on the relation of husband and wife. State v. Bragg, 220 S. W. 25; State v. Keithley, 142 Mo. App. 417, 127 S. W. 406. The court erred in failing and refusing to instruct on all points of law in the case, as requested. This was clearly the duty of the court when requested. State v. Matthews, 20 Mo. 55; Sec. 4025, R. S. 1919; State v. Gurnee, 274 S. W. 58; 30 C. J. 790. Proposed Instruction A was not the law and the court had no right to require defendants to waive objection thereto in order to get it given. State v. Ma Foo, 110 Mo. 15; State v. Miller, 162 Mo. 253. (5) The demurrer to the evidence should have been sustained as to Ida Halbrook. The premises were her husband's and he was solely responsible therefor. McClain on Crim. Law, sec. 148. She was not shown to have possession of the liquor, even though she poured it out to destroy evidence against her husband. State v. Blocker, 274 S. W. 1098.

*Robert W. Otto,* Attorney-General, and *James A. Potter,* Special Assistant Attorney-General, for respondent.

(1) The application for the search warrant and the search warrant itself were in due and proper form. State v. Perry, 267 S. W. 828; State v. Cobb, 273 S. W. 736. (2) The instructions given by the court on behalf of the State were in due and proper form. Instructions 2, 4, State v. Williams, 274 S. W. 427; Instruction 3, State v. Jackson, 267 S. W. 855; Sec. 6588, Laws 1921, p. 414. (3) The failure of the court to give a special instruction on behalf of defendant Ida Halbrook, because of her relationship to the defendant Newton Halbrook, was not error, because such an instruction was offered and was withdrawn at

her request.  State v. Williams, 136 Mo. 293; State v. Magruder, 219 S. W. 701; Harper v. Morse, 114 Mo. 317; State v. Bragg, 220 S. W. 25; State v. Keithley, 142 Mo. App. 417; State v. Starr, 244 Mo. 181.  (4)  The evidence in the case authorized the jury in submitting the question of Ida Halbrook's guilt to the jury.  State v. Bentz, 11 Mo. 21; State v. Edwards, 60 Mo. 490; State v. Keithley, 142 Mo. App. 417; Commonwealth v. Murphy, 68 Mass. (2 Gray) 510; Commonwealth v. Butler, 83 Mass. 5; Commonwealth v. Whalen, 82 Mass. 25; Armstrong v. State, 265 S. W. (Tenn.) 672; People v. Paule, 223 Ill. App. 613; Morton v. State, 141 Tenn. 357.

HIGBEE, C.—The appellants, husband and wife, were convicted in the Circuit Court of Dent County on a charge of unlawfully possessing intoxicating liquor, a misdemeanor, and the punishment of each was assessed by the jury at a fine of $200.  Because of certain constitutional questions raised, an appeal was allowed to this court from judgment in accordance with the verdict.

The amended information, filed April 6, 1925, and based on Section 6588, Laws 1921, p. 414, charges that the defendants, at Dent County, on February 6, 1925, unlawfully had in their possession certain intoxicating liquors, to-wit, whiskey for beverage purposes, etc.  On the same day the defendants filed a motion to quash the search warrant and suppress evidence discovered on the execution of the warrant.

There are ten specifications in the motion, but they may be summarized as follows:  (a) The complaint upon which the search warrant was issued does not state facts authorizing its issuance; (b) it was issued and served in violation of Section 11 of Article 2 of the Constitution of Missouri, and does not describe the place to be searched or the person or thing to be seized, and was not based upon probable cause and there was no finding of probable cause; the affidavit sets forth opinion and hearsay evidence and no statement of facts is contained therein and there is no finding of facts by any courts of

justice that the facts set forth in the application are true, and no testimony offered upon which the justice could find any probable cause for the issuance of the warrant; (c) because Section 25, Laws 1923, p. 244, is in violation of the Constitution of Missouri and the Fourth Amendment to the Federal Constitution providing against unreasonable search and seizure in homes, papers and effects; said section does not specify the particular facts the application shall set forth, nor the grounds upon which the application for search warrant might be based; said section authorizes the officer to take and destroy grain products, etc., fit for use in the lawful manufacture of intoxicating liquor, upon the judgment and opinion of the officer serving the warrant, without the judgment of the court, and the arrest of persons found using them without any warrant; (d) said search warrant violates Section 23 of Article 2 of the Constitution of Missouri, compelling the defendant, to furnish evidence against himself by the unreasonable search and seizure authorized by Section 25 aforesaid, and by authorizing the search warrant without probable cause, supported by oath or affirmation reduced to writing; (e) because neither the sheriff nor any other prohibition agent had any knowledge of the storing of intoxicating liquor or the possession thereof by the defendant on said premises; and (f) said Section 25 deprives the defendant of his property and liberty, without due process of law, and violates Section 30 of Article 2 of the Constitution of Missouri, in permitting the arrest of the defendant and the destruction of the property described in said section without the judgment of any court of record and without giving the defendant an opportunity to be heard before any court prior to the taking and destruction of said property.

In the application for the search warrant read in evidence, Clyde C. Cope, prosecuting attorney, upon his oath states that in the hereinafter described buildings on the premises of Newton Halbrook, in a log building about 36 feet long and 16 feet wide, with a wagon shed attached, said log building being divided with a driveway about

the center and having a corn crib in the west end, said building being about 48 yards from the house where Newton Halbrook lives on a farm owned by Mary Halbrook (here the land is specifically described) in Dent County, intoxicating liquor is being unlawfully stored and kept; that thereat and therein is also being used and kept vessels, fixtures and equipment and parts thereof fit for use in the unlawful manufacture and production of intoxicating liquor. The application then prays for the issuance of a warrant to search the premises described. It was sworn to before Ike Epstein, justice of the peace.

There was also filed with said justice the affidavit of John R. Welch, Sheriff of Dent County, in substantially the same language, with this addition: that intoxicating liquor, containing more than one-half of one per cent of alcohol per volume, is being manufactured, stored, kept and sold, and that men were seen coming from the premises in an intoxicated condition, and that men that came from said premises have had fruit jars with intoxicating liquors, and intoxicated persons have told that they obtained their liquor from said Newton Halbrook, and affiant has seen intoxicated persons in the neighborhood of said Newton Halbrook's place and leaving said premises.

Thereupon the justice of the peace issued a warrant directed to the Sheriff of Dent County or any constable, reciting that whereas Clyde C. Cope, prosecuting attorney, had filed his verified application and petition in writing (setting it out in full), be it known that, from the facts set forth in said verified petition and the showing thereby and thereupon made, it is found by me that there is probable cause to believe that the laws of the State of Missouri in relation to the prohibition of intoxicating liquor, as set forth in the statutes in such cases made and provided, are being violated at and in the buildings, structures and upon the premises and place described in said petition and in the manner therein charged. The warrant proceeds to command the officers

named to search the premises described for intoxicating liquor and for equipment, utensils, etc., fit for use in the manufacture of intoxicating liquor, and if any be found, that they seize and take possession of the same to be dealt with according to law, and that they arrest any person or persons found using or in possession or control of any such intoxicating liquor, article or thing, that such persons may be dealt with according to law, and that they make due return, etc.

Indorsed on said warrant is the following return: ''I certify that I executed the within writ in the County of Dent on the 6th day of February, 1925, by searching the within described premises and finding and seizing a 5-gallon jug containing intoxicating liquor. (Signed) John R. Welch, Sheriff.''

We quote from the statement of learned counsel for the appellant:

''In support thereof [the motion to quash the search warrant] they [appellants] offered the testimony of the prosecutor Cope, and Sheriff Welch and Justice Epstein. The defendants asked questions of Cope and Welch to ascertain if they had been to defendants' premises prior to the making of the affidavits, or if they had any knowledge of the facts set forth in the affidavits; all of which was ruled out on objection of the State and defendants excepted.''

Defendants, however, made no offer to prove that the affiants had no personal knowledge of the facts stated in the affidavits.

The sheriff and his deputy, Bates, testified in substance that on the way to Halbrook's residence they met Mrs, Halbrook on horseback and informed her of their purpose; that Mrs. Halbrook returned to her house in advance of the officers. She went into the corn crib, came out, closed the door, backed up against it with a club in her hands and, with oaths, told the officers she would kill them if they attempted to enter the crib. The sheriff, who had previously read the warrant to her, again read it to her. The officers detected the odor of

whiskey, pushed Mrs. Halbrook aside, entered the crib and saw a five-gallon jug inverted on a pile of corn in the shuck and found it to be saturated with whiskey as far down as they could reach. They seized the jug, which still contained a little whiskey, and produced it at the trial, with its contents. About the time the officers seized the jug, the defendant Newton Halbrook arrived and demanded that they allow him to shake the jug, which the sheriff declined to do. The defendants and others testified that Halbrook kept the jug solely for gasoline used in filling the tank of his automobile. Mrs. Halbrook testified: "We had it [the jug] in there filled with gasoline." She followed the sheriff to his car and asked him if there was anything in the jug.

The court overruled the motion to quash the search warrant and to suppress the evidence found on the search, to which ruling the defendants saved an exception.

I. The evidence offered at the trial was ample to justify the finding of the jury that the defendants unlawfully possessed intoxicating liquor as charged in the information. The main contentions by appellants'

**Valid Statute.** learned counsel, as set forth in the motion for new trial, are that Section 25, Laws 1923, p. 244, violates Section 11 of Article 2 of our Constitution; that the search warrant was void on its face and that the search and seizure of the alleged evidence against defendants were in violation of the defendants' rights under the search and seizure clause of the Constitution.

Section 11 of Article 2 reads: "That the people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the person or thing to be seized, as nearly as may be; nor without probable cause, supported by oath or affirmation reduced to writing."

311 Mo. Sup.—43.

Section 25, Laws 1923, reads in part: "The Attorney-General of the State of Missouri, or the prosecuting attorney of any county, or any prohibition enforcement officer, is hereby empowered to file in the circuit court, criminal court, court of criminal correction, or any other court having criminal jurisdiction in the county, or before the judge thereof in vacation, or justice of the peace, an application for a search warrant, which application shall be by petition setting forth substantially the facts upon which the same is based, describing the place to be searched and the thing or things to be seized as nearly as may be, which petition shall be verified by the oath of the officer filing the same. If it shall appear to the satisfaction of the court in which said petition is filed, or the judge thereof in vacation, or justice of the peace before whom said petition shall be filed, either from the facts set forth in said petition or from evidence heard thereon, that there is probable cause to believe that intoxicating liquor is being unlawfully manufactured, sold, stored or kept in any building, structure, or at any place described in said petition, within said county or transported as in this article defined, contrary to the provisions of this act or of any of the provisions of Article 7, Chapter 52, Revised Statutes 1919, or acts amendatory thereof, or that thereat or therein is (being) being used or kept any still, doubler, worm, worm tub, mash, mash tub, fermenting tub, vessel, fixture or equipment, or any part or parts thereof used or fit for use in the unlawful manufacture or production of intoxicating liquor, it shall be the duty of such court or such officer before which or whom said petition was filed, to issue or cause to be issued a search warrant thereon, which search warrant shall substantially recite the facts set forth in said petition, and it shall thereupon be the duty of the officer executing such search warrant forthwith to enter any such building, structure, place or vehicle, either in the daytime or nighttime, by force if necessary, and to remove therefrom and destroy any intoxicating liquor, malt, mash and all grain products, fruit or fruit

products found therein or thereat which have reached such a stage of fermentation as to be unfit for any use save in the unlawful manufacture of intoxicating liquor.''

The section further declares intoxicating liquor unlawfully manufactured, stored, kept, etc., and the containers thereof, etc., to be contraband, and no right of property shall be or exist in any person or persons, etc., but all such property, articles and things, except intoxicating liquor, shall be sold upon an order of the court, etc.

It is apparent that Section 25, supra, in authorizing the issuance of a search warrant, is not in conflict with Section 11 of the Bill of Rights. It requires that the petition therefor shall set forth substantially the facts upon which the same is based, describing the place to be searched and the thing or things to be seized as nearly as may be, which petition shall be verified by the oath of the officer filing the same. If it shall appear to the satisfaction of the court in which said petition is filed or the judge thereof in vacation, or justice of the peace before whom the petition is filed, *either from the facts set forth in said petition* or from evidence heard thereon, that there is probable cause to believe that intoxicating liquor is being unlawfully manufactured, sold, stored or kept in any building, etc., the warrant shall issue.

The petition for the issuance of the search warrant, reduced to writing, clearly set forth that intoxicating liquor was unlawfully kept and stored in a certain log building definitely described and located; this was upon the oath of the prosecuting attorney and supported by the affidavit of the sheriff. These were filed with the justice who found there was probable cause to believe that the law in relation to the prohibition of intoxicating liquor, as set forth in the statute in such cases made and provided, was being violated.

It is insisted that before a warrant may issue the State must show, not probable cause, but direct and absolute proof must have been adduced in the instant case that the defendants had intoxicating liquor in their possession

in the particular building designated in the petition. In our opinion the sworn statement of facts in the application by the prosecuting attorney was a sufficient showing of probable cause to meet the constitutional requirement.

In State v. Lock, 302 Mo. l. c. 412, 259 S. W. 116, we said: "The sworn statement of the prosecuting attorney, the support on which the search warrant issued, is the only verified document to which we may look for probable cause; and if it contains any statement of the fact from which probable cause may be inferred, it complies with the Constitution. If no statement of fact is stated therein, from which probable cause may be inferred, the Constitution and defendant's rights thereunder, have been violated." And on page 415: "Search warrants, based on the belief of affiant, have been condemned from the early English writings to the present day. An early English treatise, regarding search warrants and probable cause, is found in 2 Hale, Pleas to the Crown, 150, where it is said: 'They are not to be granted without oath made before the justice of a felony committed, and that the party complaining hath *probable cause* to suspect they are in such a house or place, and do show his reasons for such suspicion. And, therefore, I do take it, that a general warrant to search in all suspected places is not good, but only to search in such particular places, where the party assigns before the justice his suspicion and the probable cause thereof, for these warrants are *judicial acts,* and must be granted upon examination of the fact.' "

In State v. Tunnell, 302 Mo. l. c. 437, 259 S. W. 128, WHITE, J., said: "The search warrant was unauthorized for several reasons. It could not issue except upon probable cause as provided in Section 11, Article II, of the Constitution of Missouri. No facts were stated in the affidavit filed by the prosecuting attorney which would justify the issuance of the warrant. This matter was exhaustively and ably elaborated by DAVIS, C., in the case of State v. Lock, *ante* page 400, decided at the present term of this court."

In 33 Corpus Juris, 676: "Where an affidavit, upon which a warrant was issued, contains positive averments of facts justifying the issuance of the warrant, its validity is not affected by proof *aliunde* that the facts therein positively stated were in reality stated upon information and belief." See cases cited in notes; Bowen v. Comm., 251 S. W. (Ky.) 625; State v. Czckay, 218 Mich. 660, 188 N. W. 376; People v. Flaczinski, 194 N. W. 566.

The clear purpose of the constitutional provision is to limit and regulate the authority of the courts to reasonable search and seizure "and thereby abolish the power of the courts to exercise their jurisdiction as instruments of injustice and oppression of the people of the State and Nation." [State ex rel. v. Anderson, 270 Mo. 545, 194 S. W. 268.]

Section 12 of our Bill of Rights provides that no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information. Section 3849, Revised Statutes 1919, provides for the filing of informations by the prosecuting attorney; they shall be signed and verified by him or by the oath of some person competent to testify as a witness in the case, or be supported by the affidavit of such person, which shall be filed with the information; the verification by the prosecuting attorney may be upon information and belief. Under the Constitution and the statute the prosecuting attorney, without having personal knowledge of the facts, may, by information, initiate criminal proceedings against any person, even for a non-bailable offense, subject to the right of the accused to a preliminary examination.

It is essential to the proper enforcement of the law that the prosecuting attorney should be invested with this power, otherwise society would be deprived of adequate protection, and criminals, operating secretly, might go unwhipped of justice. It was said by BURGESS, J., in State v. Kyle, 166 Mo. l. c. 303, 65 S. W. 763: "The terms 'information' and 'indictment' as used in the Constitution, are to be understood in their common-law

sense. [Ex parte Slater, 72 Mo. 102; State v. Kelm, 79 Mo. 515.] In the Kelm case it was held that the term 'information' as used in Article 2, Section 12, of the State Constitution of 1875, was to be understood in its common-law sense, that is, a criminal charge which at common law is presented by the Attorney-General, or if that office is vacant, then by the Solicitor-General of England, and in this State by the prosecuting attorneys of the respective counties, who exercise the same powers as are exercised by the Attorney-General or Solicitor-General of England, that is, the power to present informations under their official oaths.''

If the unsupported information of the prosecuting attorney is deemed probable cause for the arrest and incarceration of persons accused by him of a felony, it seems unreasonable that, if this public official, charged with the enforcement of the law for the protection of society, should, while acting under his official oath and in the exercise of his discretion, file a petition for a warrant to search for stolen goods or for evidence of the unlawful manufacture, possession or transportation of intoxicating liquors, process should be refused unless and until he should produce further proofs in support of such petition. We are of the opinion that upon principle and authority the appellants' contentions are without merit; that the search warrant was issued in compliance with the Constitution and the statute; that Section 25, supra, is in harmony with the search-and-seizure clause of our Constitution and that the court properly excluded evidence that the prosecuting attorney had no personal knowledge of the truth of the facts stated in his petition for the issuance of the search warrant, and that the motion to quash the search warrant and to suppress the evidence found under the warrant was properly overruled.

II. We are not called upon to consider the contention that Section 25 is violative of our Constitution be-

cause it authorizes the sheriff in serving a search warrant to take, remove and destroy grain products, fruit, syrup, sugar or other fruit products fit for use in the lawful manufacture of intoxicating liquor upon the judgment of the officer, without the intervention of the court or any other lawfully constituted authority, since that is merely a moot question.

*Moot Question.*

III. The fourth amendment to the Federal Constitution prohibiting unreasonable search and seizure refers only to Federal officers and agents and has no application to searches and seizures under State laws. [State v. Owens, 302 Mo. 348 (3).] The conviction of the defendants for the offense charged is not a denial of due process of law. [State v. Combs, 273 S. W. 1037.]

IV. At the close of the evidence, the defendants requested the court to instruct the jury to find each of the defendants not guilty. This was properly refused as the evidence warranted a finding that both of the defendants were guilty as charged. Thereupon the court gave three instructions for the State. The first and second instructions read:

"1. The court instructs the jury that if you believe and find from the evidence that the defendants, or either of them, in Dent County, Missouri, on or about the 6th day of February, 1925, did willfully have in his, her or their possession certain intoxicating liquor, to-wit, whiskey, for beverage purposes, you will find him, her or them so found by you to have possessed such whiskey, guilty as charged in the information, and assess the punishment of each one so offending at a fine of not less than two hundred dollars nor more than one thousand dollars, or by imprisonment in the county jail for a term of not less than thirty days nor more than twelve months, or by both such fine and imprisonment.

"You may convict either or both of the defendants, or acquit either or both of the defendants, as you may find from the evidence under these instructions that

either, neither, or both of them are guilty or not guilty.

" 'Wilfully' means intentionally and not by accident or mistake.

"2. The court instructs the jury that all persons who act together with a common intent in the commission of a crime are equally guilty, and a crime so committed by two persons jointly, is the act and crime of both and of each one so acting and intending."

Instruction 3 is the usual one on the credibility of the witnesses. The court, at the request of the defendants, gave instruction numbered 4, as follows:

"The defendant is presumed to be innocent and this presumption remains until the State, by evidence, establishes his guilt to your satisfaction and beyond a reasonable doubt.

"If, therefore, upon a consideration of all the evidence, you have a reasonable doubt of the defendant's guilt, you should give him the benefit of such doubt and acquit him, but to authorize an acquittal upon the ground of doubt alone it should be a reasonable doubt and not the mere possibility of the defendant's innocence."

Thereupon counsel for defendants asked the court to instruct "on all the law points involved in the case." The court asked counsel to suggest the point on which he desired an instruction. Counsel asked "an instruction on the law in regard to man and wife." The court suggested that counsel prepare an instruction "on that point." Counsel replied he couldn't do it, and asked the court to do it. THE COURT: "That instruction is withdrawn and the court offered to give Instruction A on part of defendants, but defendants not desiring such instruction it was not given to the jury." Instruction A reads:

"The court instructs the jury that if you believe and find from the evidence that the defendant, Ida Halbrook, jointly with her husband, Newton Halbrook, had possession of whiskey as charged in the information, then the law in the absence of other and further culpa-

tory and explanatory evidence against the defendant, Ida Halbrook herself, presumes that said Ida Halbrook acted under the coercion of her said husband and not of her volition; and therefore you should find her not guilty unless you further find and believe from the evidence that in possessing such whiskey she acted freely and voluntarily and independent of any incitement of her said husband.''

Defendant requested the court to give the following instruction to the jury on their behalf, which was by the court refused: ''Unless the possession is shown to have been joint by the two defendants, then neither can be convicted.''

The bill of exceptions reads: ''That instruction is withdrawn and the court offered to give Instruction A on part of defendants.'' The State concedes that Instruction 4 was withdrawn. That seems to be the clear meaning of the excerpt. No exception was saved to its withdrawal.

V. Appellants assign error in the giving of Instruction 2; that it is in conflict with the rule of law relating to crime by a wife in the husband's presence. We have given a summary of the State's evidence, showing that Mrs. Halbrook resisted the officers and, with a club in her hand, threatened to kill them if they attempted to search the corn crib. Her husband was absent, and off the premises, until after the officers made the search and seizure. Mrs. Halbrook testified that her husband had gone to Salem and that she told the officers: ''I would rather they wouldn't do it.'' In her testimony, referring to the jug found in the crib, Mrs. Halbrook said: *''We had it in there filled with gasoline.''*

In State v. Miller, 162 Mo. l. c. 259, 62 S. W. 692, GANTT, J., said: ''Marriage does not take from the wife her general capacity to commit crime, but as it casts upon her duty of obedience to and affection for her husband, the law indulges a presumption that if she commits an offense in his presence, it was the result of his

*Husband and Wife.*

constraint or coercion, and in the absence of proof to the contrary, excuses her. [1 Bishop, New Crim. Law, sec. 357.] This presumption is not conclusive but is rebuttable. [State v. Ma Foo, 110 Mo. 7.]''

In annotations to Morton v. State, 4 A. L. R. l. c. 267, it is said: ''If the wife acted of her own free will in committing the criminal acts complained of, her coverture is no defense.'' [Citing many English and American cases.] See also State v. Keithley, 142 Mo. App. 421, 127 S. W. 406; State v. Bragg, 220 S. W. 25 (6), and Kelley's Crim. Law, sec. 17.

In 30 Corpus Juris, 792: ''It is, however, necessary that the husband should be 'present' in the sense just mentioned, and where he is so far absent as not to exert a material influence, there will be no presumption of coercion, the mere fact of marriage being insufficient to raise the presumption.''

It is apparent, therefore, that there was evidence from which the jury could find that Mrs. Halbrook was freely acting in conjunction with her husband in keeping and possessing the jug of whiskey and there was no error in giving this instruction. However, if the rule were as contended for by learned counsel, it was cured by the offer of the court to give Instruction A, which was declined. This instruction was, as we have seen, too favorable to the defendant Mrs. Halbrook, there being no presumption that she was acting under her husband's compulsion.

VI. The court erred, however, in withdrawing instruction numbered 4, but no exception was saved thereto. The case went to the jury without an instruction on reasonable doubt, the presumption of innocence and the burden of proof. Section 4025, Revised Statutes 1919, reads in part: ''Fourth: whether requested or not, the court must instruct the jury upon all questions of law arising in the case which are necessary for their information in giving their verdict; which instructions shall include, whenever necessary, the subjects of good character and reasonable doubt; *and a failure to so instruct*

*in cases of felony shall be good cause, when the defendant is found guilty, for setting aside the verdict of the jury and granting a new trial."*

The statute, as appears from the clause italicized, is mandatory in cases of felony only and has no application in cases of misdemeanor. The maxim, *expressio unius est exclusio alterius,* applies. This maxim, as has been said, "is sensible and useful in logic and law." "It is a universal and familiar rule;" "a rule both of law and equity;" is "the well known maxim of construction and a very sound one." [25 C. J. 220, note a.]

Moreover, the defendants saved no exception to the withdrawal of defendants' Instruction 4 on reasonable doubt, the presumption of innocence and the burden of proof, and failed to call attention in their motion for new trial to the failure of the court to instruct on these questions. The requested instruction on joint possession was properly refused. Other assignments of error are without merit. The judgment is affirmed. *Railey, C.,* concurs in result; See State v. Cardwell.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.