THE STATE v. TIGE HAMMERS and EMMA HAMMERS, Appellants.—292
S. W. 60.

Division Two, March 14, 1927.

**1. SEARCH WARRANT: Definite Description, Etc.** A search warrant
sufficiently definite to enable the officer to locate the building to be searched
and to execute the warrant by a search of the premises satisfies the pur-
pose under the law for the issuance of the warrant.

**2. ——: Application: Personal Knowledge: Rumor.** It is not a condition
precedent to the filing of an application for a search warrant that the
prosecuting attorney have personal knowledge of the truth of the facts
stated in his application for a warrant. If it contains positive averments
of facts which justify the issuance of the warrant, its validity cannot be
affected by proof aliunde that the facts stated therein were based upon in-
formation and belief, and the court does not err in refusing to permit the
accused to show that the affiant's information was based upon rumor and
hearsay, and not upon actual knowledge.

---

Corpus Juris-Cyc. References: **Criminal Law**, 17 C. J., Section 3491, p.
186, n. 22; Section 3738, p. 363, n. 23. **Intoxicating Liquors**, 33 C. J., Section
371, p. 675, n. 2; p. 676, n. 3; Section 381, p. 682, n. 96.

Appeal from Christian Circuit Court.—*Hon. Fred Steward*, Judge.

AFFIRMED.

*North T. Gentry*, Attorney-General, and *H. O. Harrawood*, Special
Assistant Attorney-General, for respondent.

Motion to quash the search warrant and suppress the evidence was
properly overruled. Application and warrant were sufficient under
the statute. Evidence offered by defense at hearing for the purpose
of contradicting application for search warrant was incompetent for

316 Mo.—62.

that purpose. Sec. 25, p. 244, Laws 1923; State v. Halbrook, 279 S. W. 395; State v. Shelton, 284 S. W. 433; State v. Cobb, 273 S. W. 738; State v. Perry, 267 S. W. 831; 33 C. J. 376.

WALKER, J.—The appellants, husband and wife, were charged by information in the Circuit Court of Christian County with the manufacture of hootch, moonshine or corn whiskey. They were tried to a jury and found guilty, but there was a failure to agree upon their punishment. The court thereupon assessed the punishment of Tige Hammers at two years in the penitentiary, and that of Emma Hammers at a fine of $500. From this judgment they have appealed.

A search of the premises of the appellants under a warrant resulted in the finding of a still in the basement of their residence, two barrels partly filled with mash, and a small amount of whiskey. The equipment was still warm and showed evidence of recent use.

The objections of the appellants to the regularity of the proceeding, which has been properly preserved for our consideration, has reference, first, to the sufficiency of the affidavit for the search warrant. It is contended that this is invalid and furnishes no basis for the issuance of the warrant, in that it contains no such description of the premises of the appellants sought to be searched as is required by law; and, second, that the court erred in not permitting the appellants to show that the information upon which the affidavit made by the prosecuting attorney for the search warrant was based on rumor and hearsay and not actual knowledge; and, third, that the court erred in holding that the affidavit was conclusive.

I. The warrant is sufficiently definite to enable the officer to locate the building and to execute the warrant by a search of the premises. This having been done the purpose under the law for the issuance of the warrant is satisfied. If precedents are needed to support the correctness of this conclusion they may be found in the following cases: State v. Shelton, 284 S. W. (Mo.) l. c. 434; Bragg v. State, 290 S. W. (Ky.) 1; State v. Hesse, 154 Minn. 89; State v. Montgomery, 117 S. E. (W. Va.) 870; People v. Musk, 221 Mich. 578, citing 24 R. C. L. 713.

II. It is not a condition precedent to the filing of an application for a search warrant that the prosecuting attorney have personal knowledge of the truth of the facts stated in his application therefor. The affidavit filed in this case contains a positive averment of facts which justified the issuance of the warrant and its validity is not affected by proof *aliunde* that the facts therein stated were really upon information and belief. [State v. Halbrook, 311 Mo. l. c. 677 and cases.] The court was not in error therefore in holding that the affidavit was conclusive.

The contention that error was committed in the admission and exclusion of testimony is not preserved in a manner to authorize a review of the same. We have not been furnished with a brief by the appellants.

In the absence of prejudicial error the judgment is affirmed. All concur.