The State v. Frank Richardson, Appellant.—292 S. W. 61.

Division Two, March 14, 1927.

**1. SEARCH WARRANT: Application: Personal Knowledge.** It is not a condition precedent to the filing of an application for a search warrant that the prosecuting attorney have personal knowledge of the truth of the facts stated in the application.

**2. ——: ——: Probable Cause: Judicial Act.** If the facts set forth in the verified application for a search warrant authorize a finding by the justice of the peace of the existence of probable cause, and the justice recites in the warrant that he found the existence of probable cause, neither the search warrant nor the evidence obtained by the search can be suppressed. The justice acts judicially, and if the application contains a definite description of the place to be searched and of the things to be seized and is verified by the oath of the applicant, and the search warrant recites that the justice is satisfied, either from the facts stated in the application or from evidence heard, that probable cause exists, the verity of the facts are not for further investigation.

---

Corpus Juris-Cyc. References: **Courts**, 15 C. J., Section 312, p. 924, n. 34. **Intoxicating Liquors**, 33 C. J., Section 371, p. 675, n. 2; p. 676, n. 3; Section 375, p. 678, n. 37.

Appeal from Lawrence Circuit Court.—*Hon. Charles L. Henson,* Judge.

Affirmed.

*Robert Stemmons* and *M. O. Morris* for appellant.

An application for a search warrant based upon hearsay is insufficient, and a search warrant issued thereon is void. State v. Smith, 262 S. W. 65; State v. Huckabe, 269 S. W. 691; Sec. 11, art. 2, Mo. Constitution.

*North T. Gentry,* Attorney-General, and *Claud Curtis,* Special Assistant Attorney-General, for respondent.

The court properly overruled appellant's motion to suppress. State v. Hall, 279 S. W. 106; State v. Perry, 267 S. W. 831; State v. Cockrum, 278 S. W. 702; State v. Cobb, 273 S. W. 736; Laws 1923, sec. 25, p. 244.

WALKER, J.—The appellant was charged by information in the Circuit Court of Lawrence County with the possession of a worm, doubler, mash tubs and mash for the distilling and manufacture of

intoxicating liquor. Upon a trial to a jury the appellant was convicted and his punishment assessed at a fine of $500 and six months' imprisonment in the county jail. From this judgment he appeals.

The examination of the premises of the appellant which disclosed his possession of the instrumentalities used in the manufacture of intoxicating liquor, was made by the sheriff under the authority of a search warrant, the validity of which is challenged. The appellant's motion to suppress the warrant was overruled by the trial court. The grounds of this motion are, first, that the application and petition for the warrant was based on hearsay and not on the personal knowledge of the prosecuting attorney; and second, that the oral testimony presented to the justice of the peace who issued the warrant was not reduced to writing as required by the Constitution and was not sufficient to base a finding of probable cause thereon for the issuance of the warrant.

More particularly stated, while the offense charged in the information is a misdemeanor, the appellant properly raised the question as to the constitutionality of the law authorizing the issuance of a search warrant; his contention being that under the facts, the warrant was, as issued, violative of said Section 11, Article 2, Constitution of Missouri, in that the application and the warrant issued thereon did not properly describe the premises sought to be searched and was not supported by the oath of the applicant therefor reduced to writing as required by said section.

I. As we recently held in State v. Hammers, 316 Mo. 977, following our ruling in State v. Halbrook, 311 Mo. l. c. 677, "it is not a condition precedent to the filing of an application for a search **Personal Knowledge.** warrant that the prosecuting attorney have personal knowledge of the truth of the facts stated in his application."

The application and affidavit of the prosecuting attorney, as well as the warrant issued thereon, describe the premises sought to be searched and after stating the nature of his information alleges that a worm, still, doubler, mash tubs, etc., were kept and being used in said premises in the unlawful manufacturing and production of intoxicating liquor; and to the warrant was added, by the justice of the peace issuing the same, that there was probable cause to believe that the prohibition laws of Missouri were being violated and the sheriff was ordered to search the premises described.

II. The requirements of an application for a search warrant at common law were that the affiant had probable cause to suspect and did suspect that an offense was being committed at a particular place or premises under the control of the party named, and show his reasons for his suspicions. [2 Hale's P. C. (1 Am. Ed.) p. 149 et

seq. and Davis Cr. Justice, 60.] Our statute (Sec. 25, Laws 1923,

**Probable Cause.** p. 244), conforming to the requirements of the Constitution (Sec. 11, Art. 2, Const. Mo.), demands a more definite and specific application for a warrant than was required at the common law. These essentials consist of a definite description of the place to be searched and the thing or things to be seized as nearly as may be, verified by the oath of the officer filing the same. The application and the warrant based thereon embody these essentials. The existence of probable cause for the issuance of the warrant was under the statute (Laws 1923, supra), to be determined by the justice of the peace, either from the facts set forth in the application or from evidence heard thereon. The application being ample in its averments in this respect a resort to a hearing was not required to sustain the legality of the justice's action. Acting judicially, as he was required to do, he determined from the statement of the facts that probable cause existed and he issued the warrant. In thus acting he was within the purview of the statute (Sec. 25), which confers this power upon him when satisfied, from the facts set forth in the application, that probable cause exists for the issuance of the warrant. [State v. Hall, 279 S. W. l. c. 106 and 107.] There is therefore no merit in the contention that there was an insufficient description of the place to be searched or the things to be seized, or that there was a lack of probable cause unsupported by the oath of the officer applying for the writ.

Our rulings are decisive in cases submitted for our determination and not those of subordinate courts which are cited by the appellant in support of his contentions.

No errors having been committed to the prejudice of the appellant the judgment is affirmed. All concur.