THE STATE v. JOHN COOK, Appellant.—18 S. W. (2d) 58.

Division Two, June 4, 1929.

1204

*Raymond S. Roberts* for appellant.

*Stratton Shartel,* Attorney-General, and *A. M. Meyer,* Assistant Attorney-General, for respondent.

BLAIR, P. J.—Appellant was tried and convicted by a jury for the misdemeanor of possessing intoxicating liquor, in violation of Section 6588, Laws of 1921, page 414, and was fined $150 and granted an appeal. The presence in the record of a constitutional question fixes our appellate jurisdiction.

On July 23, 1927, and under the purported sanction of a search warrant, three deputy sheriffs of St. Francois County entered and searched appellant's dwelling house in Bonne Terre and found thirteen pint bottles of home brew beer in his refrigerator. They delivered to the sheriff the bottles thus secured. The sheriff had their contents analyzed by an experienced chemist in the employ of the Government at St. Louis, who testified that the bottles examined by him contained home brew of one and one-half per cent alcholic content and that said beer was potable. Appellant offered no evidence.

I. The evidence was sufficient to support the verdict. Said Section 6588, under which the information was drawn, makes it a misdemeanor "for any person . . . to . . . possess . . . intoxicating liquors within, . . . the State of Missouri, except . . . ," etc. The only exception subsequently appearing in the section, which could possibly be thought to affect appellant's situation, reads as follows: "and provided further: That nothing in this act contained shall be so construed as to prevent, or prohibit, the possession of intoxicating liquor in the private residence of the owner thereof, when such intoxicating liquor has been lawfully acquired and being lawfully used," and the burden was upon appellant to show that he had lawfully acquired and was lawfully using such liquor. [State v. Naething (Mo. Sup.), 300 S. W. 829.]

From the unexplained fact that the beer was found in appellant's home, the jury had the right to find that he was in possession thereof within the meaning of Section 6588. The proof showed that the beer found in appellant's possession was intoxicating liquor within the definition of Section 6602, Revised Statutes 1919. [See also State v. Fenley, 309 Mo. 520, 275 S. W. 36.]

It is apparent that the evidence before the jury was sufficient to authorize the verdict it rendered. The assignment that the demurrer to the evidence should have been sustained must therefore be overruled unless, as appellant contends, the evidence of the discovery of the thirteen pint bottles of home brew should have been excluded,

because such evidence was obtained by the use of an illegal search warrant. This contention we next consider.

II. It is contended that the search warrant was illegal because it authorized search of appellant's private residence "no part of which was being used as a store, shop or other place of business and no part of which was being used as a place of public resort where intoxicating liquors were being manufactured or sold." Appellant cites and relies upon United States v. Berkeness, 72 L. Ed. 1. c. 213, 214, to support his contention that, under the National Prohibition Act, no search warrant may be issued to search any private dwelling unless such dwelling is being used for the unlawful sale of intoxicating liquor or unless it is in part used for some business purpose, such as a store, shop, saloon, restaurant, hotel or boarding house.

The trouble with this assignment is that this prosecution is under the Missouri prohibition law and not under the Federal prohibition act. This State has the undoubted right to pass and enforce its own prohibition laws (State v. Fenley, supra, 1. c. 528.) and is not limited, save by its own Constitution, as to the character of premises upon which it may authorize a search for intoxicating liquors.

It is true that by Section 6595, Revised Statutes 1919, which was repealed and succeeded by a section of the same number, Laws of 1921, page 416, restrictions upon the search of private dwellings appear which are quite similar to those found in the National Prohibition Act; but that section as repealed and reenacted was again expressly repealed by Section 29, Laws of 1923, page 247. Section 25 of the 1923 Act, under which this search warrant was issued, contains no restriction whatever against the issuance or use of search warrants for the purpose of searching any premises whatsoever, save only that the application for such search warrant and the search warrant itself shall describe "the place to be searched and the thing or things to be seized as nearly as may be."

Section 11, Article II, of the Missouri Constitution only forbids unreasonable search of the citizen's home, and Section 25, Laws of 1923, page 244, is not in conflict therewith. It should be unnecessary at this late day to cite authority to show that the Fourth Amendment to the United States Constitution is a restriction upon the Federal Government and not upon state governments.

III. The sufficiency of the description of the property to be searched, as it appears in the search warrant and the application therefor, is challenged. Such description is as follows: "A two story frame house painted white with a big circular porch in the front and on the side, together with all out-

1208

buildings and premises pertaining thereto, located in Hungarian town directly off No. 61 Highway going to St. Louis on the left-hand side about 100 yards, in Bonne Terre, Perry Township, St. Francois County and State of Missouri, being in the present possession of one John Cook.''

Appellant seems to contend that, because his residence was situated within the platted portion of the city of Bonne Terre, the description did not comply with constitutional and statutory requirements that the place to be searched must be described "as nearly as may be." No doubt a description of a single dwelling by lot and block in a specified addition to a city or by a definite street number in a city would be considered a good description, but such description of a house within a city cannot be deemed the only description meeting the requirement "as nearly as may be." In State v. Lock, 302 Mo. l. c. 421, 259 S. W. 116, the court en banc said: "We think the description ought to identify the property with sufficient clearness and certainty, so that a mistake may not ensue."

The description in a search warrant is sufficient if a prudent officer charged with the duty of serving the writ and making the search will be able to locate with reasonable certainty the property described in the writ. [State v. Nordseick (Mo. App.), 295 S. W. 808.]

We think the description above set out sufficiently complied with our constitutional and statutory requirements.

IV. There is no merit in the contention that the search warrant and the application therefor did not sufficiently describe the articles or things to be searched for and seized. Among other things the officer was required to seize are "all intoxicating liquors" found on the premises described. This was sufficiently definite and did not deprive the appellant of his right to trial by jury on the issue of the intoxicating character of the liquor seized. Appellant has cited no authority in support of this contention and we are confident none can be found.

V. Error is assigned to the refusal of appellant's requested Instruction 2. By said instruction appellant sought to have the jury told in substance that he could not be convicted if he had possession of the liquor in his dwelling house and used the same only for his own consumption and the consumption of his family and bona-fide guests. Such an exception is provided for in the Federal Prohibition Act, but is not found in Section 6588, Laws of Missouri for 1921, page 414, under which appellant was prosecuted. The provisions of the Federal act are not controlling upon this State and constituted no

defense whatever to the charge made against appellant. The instruction was, therefore, properly refused.

VI. Refused Instruction 3 proceeded upon the same erroneous theory that the Federal Prohibition Act is supreme and overrides and supersedes state statutes on the subject. The requested instruction was therefore properly refused.

VII. The foregoing covers the assignments of error urged in appellant's brief in this court. In addition thereto, error is sought to be assigned in the motion for new trial to the action of the trial court in giving instructions numbered 1 and 3; but the assignments in relation thereto are too general to comply with Section 4079, Laws of 1925, page 198, and cannot be considered in this court. The inadequate assignment doubtless accounts for the failure to press the assignment in this court.

The information follows the language of the statute referred to and is in every way sufficient. The verdict and judgment are unassailed and unassailable. From all of the foregoing, it follows that the judgment must be and is affirmed. All concur.