The State v. Chester Privitt, Appellant.—39 S. W. (2d) 755.

Division Two, June 5, 1931.

*Chas. B. Butler* for appellant.

*Stratton Shartel,* Attorney-General, and *Carl J. Otto,* Assistant Attorney-General, for respondent.

FITZSIMMONS, C.—The defendant appeals from a judgment of the Circuit Court of Ripley County following a verdict of a jury finding him guilty of unlawful possession of intoxicating liquor. His punishment was assessed at a fine of two hundred dollars. The appeal was granted to the Springfield Court of Appeals, and that court transferred the cause to the Supreme Court upon the ground that a constitutional question is involved.

On November 26, 1929, Lee Dodd and J. C. Merrell, deputy sheriffs of Ripley County, armed with a search warrant which had been issued by J. P. Campbell, a justice of the peace of Doniphan Township, went to certain premises at the intersection of Highway Forty-two and the north end of Main Street in the town of Doniphan, Ripley County, which premises the defendant at the time occupied as a dwelling and used as an automobile filling station. They found in a safe in one of the rooms a jug containing one-half gallon of whiskey. The officers arrested the defendant and seized the jug of whiskey. Thereafter the Prosecuting Attorney of Ripley County proceeded against the defendant by information for unlawful possession of intoxicating liquor.

The defendant, before the trial, filed in the Circuit Court of Ripley County, a motion to quash the search warrant and to suppress the evidence discovered on the execution of the warrant. The court overruled the motion to quash. The defendant by proper and timely objections and by his motion for a new trial, preserved for consideration upon appeal the constitutional questions which the motion to quash raised and which questions moved the Springfield Court of Appeals to transfer the cause. The defendant was tried on the day following the overruling of the motion to quash. The State put in evidence the jug containing whiskey which had been seized in the execution of the search warrant.

The reasons for the motion to quash the search warrant stated in the motion, were, first, that it was in violation of the Fourth Amendment to the Constitution of the United States providing against unreasonable searches and seizures; second, that it was issued and served in violation of Section 11, Article II, of the Constitution of Missouri relating to searches and seizures, and third, that the petition, upon which the search warrant was issued, purported to have been verified by the oath of George D. Sloan, Prosecuting Attorney of Ripley County, as required by Section 4511, Revised Statutes 1929, but that in fact the petition was not so verified.

A hearing was had upon the motion to quash. Justice of the Peace Campbell, Deputy Sheriff Lee Dodd and Prosecuting Attorney

Sloan were called as witnesses. The undisputed facts of their testimony were: Mr. Dodd, the deputy sheriff, took the petition for a search warrant to Prosecuting Attorney Sloan who signed it. Mr. Dodd then took the petition to Justice Campbell who issued the search warrant at which the motion to quash was subsequently directed. Justice Campbell did not administer an oath to Mr. Sloan at any time as to the facts set out in the petition for a search warrant.

In answer to Mr. Sloan's question whether he, Justice Campbell, understood that Mr. Sloan considered himself sworn, the Justice answered in the affirmative, as Mr. Sloan had frequently come to the office of Justice Campbell and had secured search warrants without holding up his hand. Mr. Sloan testified that he considered himself sworn. But he did not present the petition to Justice Campbell and he was not in the presence of the Justice between the time that he signed the petition and gave it to Deputy Sheriff Dodd and the time that the search warrant was issued. Mr. Sloan, in his testimony, said of the petition for the search warrant: "I sent it up to Mr. Campbell by Lee Dodd. I signed it here and sent it up to Mr. Campbell to be attested as justice of the peace." And Justice Campbell attested it and issued the search warrant.

I. The first objection made to the search warrant by the motion to quash, namely, that the warrant was issued in violation of the Fourth Amendment to the Constitution of the United States is not well taken. The State of Missouri has the undoubted right to make and enforce its own prohibition laws, limited only by its own Constitution. The Fourth Amendment to the Constitution of the United States is a restriction only on the Federal Government and not upon State governments. [State v. Cook, 322 Mo. 1203, 18 S. W. (2d) 58.]

II. It is urged that the petition for the search warrant and the warrant itself being valid on their face and in proper form, evidence to controvert the fact of the oath of the prosecuting attorney should have been excluded.

State v. Grady, 84 Mo. 220, states the contrary rule. The defendant was indicted for robbery in the first degree. In the trial court he filed a motion to quash the indictment and a plea in abatement setting forth the fact that the grand jury had found the indictment without having any testimony before them touching the guilt or innocence of the accused. Defendant offered to prove the truth of the allegation, but the trial court refused to allow him to do so. Of this the court said (84 Mo. l. c. 223):

"The proposition that an indictment found by a grand jury without any evidence, will be quashed on defendant's motion, if he sustain the same by proper and competent evidence, is established by the following authorities: [Cases from other jurisdictions cited.] In such an inquiry the question is not as to the sufficiency of the evidence before the grand jurors, for of that they are the judges, but it is whether they had before them any evidence at all."

Other Missouri cases in point are: State v. Faulkner, 185 Mo. 673, 84 S. W. 967; State v. Keener, 225 Mo. 488, 125 S. W. 747; State v. Bowman (Mo. Sup.), 12 S. W. (2d) 51; State v. Mason (Mo. Sup.), 14 S. W. (2d) 611; State v. Vaughn, 132 Mo. App. 135, 112 S. W. 728; State v. Ramsauer, 140 Mo. App. 401, 124 S. W. 67; State v. Henan, 163 Mo. App. 368, 143 S. W. 877; State v. Barrelli, 317 Mo. 461, 296 S. W. 413.

In the Barrelli case the defendant moved the trial court to quash the search warrant and to suppress the evidence obtained under the warrant on the ground that the search warrant was in violation of the defendant's rights under Section 11 of Article II of the State Constitution. The trial court overruled the motion to quash. This court, in an opinion by Judge WHITE, reversed and remanded the case for the error of the trial court in overruling the motion. The court in its opinion said (317 Mo. 461, l. c. 464):

"The evidence offered by the defendant on the hearing of the motion showing that the different parts of the premises were occupied by different persons was not disputed by the State. There appears to have been no ruling in this State regarding the sufficiency of a search warrant in which the description of the premises includes all that occupied by several persons. This one is not a description of the defendant's premises 'as nearly as may be.' Such a description has been condemned by the Federal courts and by the courts of last resort in several states as insufficient."

It thus appears that evidence was taken in the trial court and was acted upon in this court upon a motion to quash identical with the motion here under discussion.

The view that upon a motion to quash a search warrant, testimony may be taken on the question whether the prosecuting attorney did in fact make oath to the petition for the warrant, is not in conflict with the cases which hold that where a duly verified petition contains positive averments of facts, testimony may not be taken as to the truth of those averments upon a motion to quash the search warrant. As we said in State v. Lock, 302 Mo. l. c. 412, 259 S. W. 116:

"The sworn statement of the prosecuting attorney, the support on which the search warrant issued, is the only verified document to which we may look for probable cause; and if it contains any state-

ment of the fact from which probable cause may be inferred, it complies with the Constitution.''

Other cases in point are State v. Richardson, 316 Mo. 1014, 292 S. W. 61; State v. Hammers, 316 Mo. 977, 292 S. W. 60; State v. Halbrook, 311 Mo. 664, 279 S. W. 395. In all of these cases the petition upon which the application for a search warrant was issued was validly verified.

III. Section 11 of Article II of the State Constitution relating to search warrants, provides:

''That the people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place or seize any person or thing, shall issue without describing the place to be searched, or the person or thing to be seized, as nearly as may be; nor without probable cause, supported by oath or affirmation reduced to writing.''

Section 4511, Revised Statutes 1929, which is the search warrant section of our State Prohibition Laws, provides that:

''The attorney-general of the state of Missouri, or the prosecuting attorney of any county, or any prohibition officer, is hereby empowered to file in the circuit court, criminal court, court of criminal correction, or any other court having criminal jurisdiction in the county, or before the judge thereof in vacation, or justice of the peace, an application for a search warrant, which application shall be by petition setting forth substantially the facts upon which the same is based, describing the place to be searched and the thing or things to be seized as nearly as may be, which petition shall be verified by the oath of the officer filing the same.''

This court ruled in State v. Richardson, 316 Mo. 1014, l. c. 1016, that the foregoing statute conforms to the requirements of Section 11, Article II, of our State Constitution. Therefore the statutory words: ''which petition shall be verified by the oath of the officer filing the same,'' may be deemed to be in substance the same as the words of the Constitution: ''supported by oath or affirmation reduced to writing.''

As is said in 48 Corpus Juris, 855, to constitute a valid oath there must be, in the presence of a person authorized to administer it, an unequivocal act by which affiant consciously takes upon himself the obligation of an oath. This declaration of Corpus Juris is a paraphrase of words used by the New York Court of Appeals in the case of O'Reilly v. People, 86 N. Y. 154, 40 Am. R. 525, 10 Abb. N. Cas. 53, in which it was held that the mere delivery of an affidavit, signed by the person presenting it to the officer for his certificate, without more, is not such an act

as to constitute an oath. It is true that, by uniform decisions of our courts and by our statutes, no set formula is required to constitute an oath or to impose the obligation of an oath. Our statute, Section 1722, Revised Statutes 1929, provides that:

"In all cases in which an oath or affirmation is required or authorized by law, every person swearing, affirming or declaring, in whatever form, shall be deemed to have been lawfully sworn, and to be guilty of perjury for corruptly and falsely swearing, affirming or declaring, in the same manner as if he had sworn by laying his hand on the gospels and kissing them."

But the statute itself clearly implies some form of oath or affirmation, some unequivocal act by which the affiant takes upon himself the obligation of an oath. Mr. Sloan, the prosecuting attorney, did not perform any act, whether equivocal or unequivocal, amounting to the taking of an oath in the instant case.

To the same effect as our statute, we read in 2 Corpus Juris, 337, that: "Either oath or affirmation is sufficient. In fact no particular ceremony is necessary and it is only required that something be done in the presence of the officer which is understood by both the officer and the affiant to constitute the act of swearing."

It is a reasonable presumption that Mr. Sloan, in sending the signed petition for a search warrant by messenger to Justice Campbell, was merely following a custom which too often exists in the inter-department relations of state and county offices, located in the one city or building. But the act of one state officer in signing his name to an official paper and sending it by messenger to another official who is authorized to administer an oath and who attaches his jurat or certificate of an oath to the official paper so sent does not constitute the supporting "oath or affirmation reduced to writing," which is required by the Constitution. And this is all the more true when, as in the case of a petition for a search warrant, the court or judge or justice of the peace to whom the petition is presented, is called upon to perform the judicial act of finding and determining whether, upon the sworn averments in the petition, there is probable cause to believe that the allegations made are true. It may be taken for granted that if Mr. Sloan had gone to the office of Justice Campbell and, in the presence of the Justice, had signed and made oath to the petition for the search warrant, the results would have been the same so far as the defendant is concerned. But in State v. Bonner, 176 Mo. 424, l. c. 432, 77 S. W. 463, where it was ruled that the trial court erred in overruling a motion to quash an information which had not been verified as required by the statute, this court said:

"The offense charged is one involving the liberty of the citizen and the courts are not at liberty to disregard the safeguards which

the Legislature has deemed essential prerequisites to a prosecution for crime.''

IV. It is urged that defendant consented to the search and thereby he waived his constitutional right, even under the assumption that the search warrant was void. The record of the trial shows that Deputy Sheriffs Dodd and Merrell, armed with the search warrant, went to defendant's composite dwelling and filling station. They inquired of other persons there where the defendant was, and were informed that he was not at home. They waited ten or fifteen minutes and then entered the living rooms of the premises. They found the defendant asleep in bed in one of these rooms. They awakened him, read to him the search warrant, made a search of the premises and found the jug in a safe in a room adjoining that in which the defendant was. Deputy Sheriff Merrell then testified: ''Q. What did the defendant say, if anything? A. When I reached up to get the jug down, he said: 'Oh, hell, it is whiskey; help yourself.' '' The defendant at the trial denied that he made this statement. But assuming that he made it the statement is not a waiver of defendant's rights. [State. v. Luna, 266 S. W. 755; State. v. Allen, 251 S. W. 69; State v. Bliss, 18 S. W. (2d) 509; State v. Lee, 11 S. W. (2d) 1044.]

For the error of the trial court in overruling the motion to quash the search warrant and to suppress the evidence procured upon the execution of the warrant the cause is reversed and remanded. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C., is adopted as the opinion of the court. All of the judges concur.