THE STATE v. JACK STEVENS, Appellant.—292 S. W. 36.

Division Two, January 24, 1927.

1. **SEARCH WARRANT: Application by Deputy Sheriff.** By the Act of 1923, Laws 1923, pp. 241, 244, a deputy sheriff, as one of the enumerated prohibition enforcement officers, has authority to make application for a search warrant.

2. **———: Application: Sufficient Statement of Facts.** An application for a search warrant, which states positively and directly that certain intoxicating liquors are being unlawfully stored and kept, at a clearly described place, is not a mere conclusion of the officer making it, and a search warrant issued by the justice of the peace, in which the contraband and place are described in the same language, authorizes the officer to search the premises.

3. **———: ———: Testimony of Justice: Probable Cause.** Whether testimony of the justice of the peace that he took no evidence, but based his issuance of the search warrant solely upon the statement of facts contained in the application, is admissible, is immaterial, where the application shows on its face that the justice found probable cause from the facts stated in the application.

4. **———: ———: Actual Knowledge of Applicant.** An offer to prove by the officer who made the application for the search warrant that the facts stated therein were not known to him of his own personal knowledge, but were based on hearsay, rumor and information furnished him by others, without more, should be excluded. The offer should also exclude reliable information obtained by the officer from parties who know the facts, and also his own knowledge of specific facts and circumstances which gave him reason to believe that the law was being violated at the designated place.

5. **———: ———: Impeachment: Probable Cause.** The finding of the justice of the peace, who issued the search warrant, that it appeared to his satisfaction that there was probable cause, is a judicial act, and cannot be impeached by a showing that the evidence upon which the justice found the probable cause was not true. His finding can be impeached only when the lack of probable cause appears on the face of the record.

6. **SEARCH AND SEIZURE: Return of Articles.** Upon the trial of a defendant charged only with the possession of intoxicating liquor, articles seized at the search, such as a suit case containing labels and stamps, which were not on any container of liquor and would not of themselves prove the possession of liquor, should, in a proper proceeding, be returned to defendant; but a failure to return them at the proper time does not constitute reversible error.

7. **INTOXICATING LIQUOR: Possession: Evidence of Other Offense.** The admission in evidence of articles seized at the time of the search which were not offered for the purpose of showing another offense and could not have had that effect, was not error. Where defendant was charged with the unlawful possession of intoxicating liquor, the admission in evidence of articles seized by the officer in executing the search warrant, such as labels and stamps, which were not attached to the containers of the liquor seized, was not reversible error, where they were not offered or received for the purpose of showing another offense, namely, the manufacture of liquor, but only in support of the offense charged. Besides, an objection that the

exhibits have nothing to do with the manufacture of intoxicating liquor is inconsistent with an assignment in the motion for a new trial that they were offered and received for the purpose of proving the manufacture of intoxicating liquor.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 1134, p. 588, n. 8; 17 C. J., Section 3653, p. 308, n. 57 New. **Intoxicating Liquors,** 33 C. J., Section 370, p. 675, n. 96; Section 371, p. 675, n. 2; p. 676, n. 4; Section 375, p. 678, n. 37 New.

Appeal from Jackson Circuit Court.—*Hon. Thad. B. Landon,* Judge.

AFFIRMED.

*Henry C. Smith* and *Horace Griffin* for appellant.

(1)  A deputy sheriff is not empowered by the prohibition laws to make application for a search warrant. Laws 1923, sec. 25, p. 244. (2) Before a justice of the peace, or any other authority, officer or court, can issue a search warrant, it must satisfactorily appear "either from the facts set forth in said petition, or from evidence heard thereon, that there is probable cause to believe that intoxicating liquor is being unlawfully manufactured and sold, stored or kept" at the place described. Sec. 25, p. 244, Laws 1923; State v. James, 274 S. W. 110. (3)  If, however, the petition does not state sufficient facts for that purpose, then the facts may be shown by evidence presented, sufficient to satisfy the court or justice to whom the petition is presented that probable cause exists. State v. James, 274 S. W. 110. (4)  Before a search warrant can be issued, probable cause for its issuance must be shown by facts and circumstances reduced to writing and supported by the oath or affirmation of witnesses. Sec. 11, art. 2, Mo. Constitution; Laws 1923, p. 244, sec. 25. (5) Probable cause must be established by competent evidence and not by conclusions, beliefs, rumors or guesswork. United States v. Tureaud, 20 Fed. 623; United States v. Polite, 35 Fed. 59; In re Dana, 68 Fed. 894; Cornelius on Search & Seizure, 285-295. (6)  It must appear from the affidavit or application for the search warrant that the applicant or affiant has personal knowledge of the facts of which he deposes. Cases cited. (7)  It is for the officer or court issuing the search warrant to draw conclusions or inferences and find probable cause and not for the affiant or the applicant. Cases cited. (8) An information, based upon the affidavit of a person, who is not a competent witness, can be impeached. State v. Pitts, 70 Mo. App. 446. (9)  An indictment, not based upon evidence, can be quashed. State v. Grady, 84 Mo. 220. (10)  Probable cause is a mixed question of law and fact. Cornelius on Search & Seizure, 248, 249; State v. Lock, 259 S. W. 116. (11)  The question of probable cause for the is-

suance of a search warrant can be reviewed by the trial court. Cornelius on Search & Seizure, 250, and note; 295-296; State v. Hobbs, 279 S. W. 200; Veeder v. United States, 252 Fed. 414; People v. Mayhew, 214 Mich. 153; State v. Dist. Court, 198 Pac. 362; White v. Wagar, 82 Ill. App. 592, 185 Ill. 195. (12) The officers could only seize the things described in the search warrant. Keefe v. Clark, 287 Fed. 375; Honeycutt v. United States, 277 Fed. 939; Commonwealth v. Intoxicating Liquors, 303 Mass. 585, 113 Mass. 23; Cornelius on Search & Seizure, 353, 354, 355; State v. Slamon, 73 Vt. 212. (13) The seizure of any property, other than intoxicating liquor and equipment and utensils used or fit for use in the manufacture of intoxicating liquor, was illegal and void and the use of the same as evidence in this case should have been suppressed. Keefe v. Clark, 287 Fed. 372; Honeycutt v. United States, 277 Fed. 939; Boston v. Maine Railroad, 88 Me. 462; Cornelius on Search & Seizure, 353, 354; Commonwealth v. Intoxicating Liquors, 113 Mass. 23, 230 Mass. 585; State v. Sikes, 281 S. W. 142; State v. Slamon, 73 Vt. 212. (14) Evidence of separate and distinct offenses from that upon which appellant was tried was inadmissible. State v. Turner, 76 Mo. 350; State v. Apperger, 80 Mo. 173; State v. Salter, 256 S. W. 1068; State v. Smith, 261 S. W. 696.

*North T. Gentry*, Attorney-General, and *W. F. Frank*, Assistant Attorney-General, for respondent.

(1) Motion to quash search warrant and suppress evidence was properly overruled. (a) A deputy sheriff is a prohibition enforcement officer and is authorized to make application for a search warrant. State v. Huckabe, 269 S. W. 692; State v. Shelton, 284 S. W. 434. (b) The application for the search warrant definitely described the building to be searched and positively alleged that intoxicating liquors were unlawfully kept and stored therein. This was filed with the justice, who found that there was probable cause to believe that the law was being violated. This is sufficient. State v. Halbrook, 279 S. W. 398; State v. Turner, 273 S. W. 739; United States v. Borkowski, 268 Fed. 408; United States v. Friedman, 267 Fed. 856. (c) The statute authorizes the court issuing the search warrant to find from the facts set forth in the petition that there is probable cause to believe that the law is being violated. Laws 1923, p. 244, sec. 25. Evidence of the justice who issued the warrant to the effect that he heard no testimony before issuing same, cannot avail defendant, because the statute authorizes the issuance of the warrant on the facts stated in the application, without hearing evidence. (d) The trial court properly excluded evidence that the deputy sheriff who made application for the search warrant had no personal knowledge of the

truth of the facts stated in said application. State v. Halbrook, 279 S. W. 399; 33 C. J. 376. (2) The charge in this case is unlawful possession of intoxicating liquor. Defendant admits possession of the liquor. In this situation if it should be conceded that it was error to admit empty bottles, labels, corks, corking and capping machines in evidence, it was not prejudicial error calling for a reversal of the case.

WHITE, J.—On a trial in the Circuit Court of Jackson County, February 25, 1926, a jury returned a verdict finding the defendant guilty of possession of intoxicating liquor and assessed his punishment at one year's imprisonment in the county jail, and a fine of one thousand dollars. After judgment upon that verdict the defendant appealed.

A search warrant was issued December 23, 1925, by Alex D. Saper, Justice of the Peace, upon the application of B. D. Pugh, Deputy Sheriff of Jackson County, by authority of which search warrant a police sergeant searched the premises of the defendant and found certain intoxicating liquor, including ten quarts of Highland Scotch Liquor, and other liquor, and other articles to be mentioned more specifically below. The defendant filed a motion to quash the search warrant and suppress the evidence obtained by the officer in his search. This motion was overruled. The defendant then filed a motion to suppress as evidence and have it returned to him, certain specific personal property, which motion was overruled. The case then went to trial with the result stated.

The principal errors complained of by appellant in this court relate to the action of the court in overruling the motions mentioned, and in the admission of the evidence obtained by the search. The defendant offered a number of witnesses to show that he had a good reputation. He testified that he owned a part of the liquor discovered on his premises, and had it for the purpose of giving it to his friends and not to sell, and that some of it was stored there by his friends.

I. The first objection to the search warrant is that the deputy sheriff had no authority under the prohibition law to make the application for it. Section 25, Laws 1923, p. 244,

**Search Warrant: Deputy Sheriff.** provides that the Attorney-General of the State of Missouri, or the prosecuting attorney of any county, "or any prohibition enforcement officer," is empowered to file application for a search warrant. The question is whether a deputy sheriff is a prohibition enforcement officer. Section 16 of the same act (Laws 1923, p. 241) provides that "sheriffs, deputy sheriffs, marshals, etc.," are authorized to arrest persons violating the prohibition act, and to file complaint for such violation before the

prosecuting attorney. Thus, by the express provision of the act the sheriff and his deputies are made prohibition enforcement officers, while the particular duty of filing an application for search warrant is not specifically mentioned in that section they are authorized to do other acts in connection with the enforcement of the law, and Section 25 authorizes such enforcement officers to apply for search warrants. [State v. Huckabe, 269 S. W. 691.]

II. It is further complained that the application itself did not state facts authorizing the issuance of the warrant, and the justice of the peace who issued it did not take evidence so as **Application.** to ascertain whether there was probable cause which would justify it. The application, describing the place and the facts of the alleged violation of law, is as follows:

"A two-story brick house situated at 2922 Charlotte Street, Kansas City, Missouri, and the barns, out houses, sheds, garages, basement and other structures located thereat or thereon intoxicating liquor is being unlawfully manufactured, sold, stored, and kept; that thereat and therein is also being used and kept a still, doubler, worm, worm tub, mash, mash tubs, fermenting tubs, vessels, fixtures and equipment and parts thereof used and fit for use in the unlawful manufacture and production of intoxicating liquor."

The search warrant described the same premises and the property to be seized in the same way. Section 25, mentioned above, provides that the application for the search warrant shall set forth "substantially the facts upon which the same is based, describing the place to be searched and the thing or things to be seized as nearly as may be," and the judge or justice of the peace before whom the application is filed, if he find: . . . "either from the facts set forth in the said petition or from the evidence heard thereon, that there is probable cause to believe" etc., may issue the warrant.

The rule is general that the application for a search warrant which merely states the facts upon information and belief is insufficient to authorize the issuance of a warrant. [State v. Lock, 302 Mo. 400.] In this case the application states directly and positively that certain intoxicating liquor is at such place.

The appellant cites a number of federal cases where the rulings are to the effect that such a statement is a conclusion of the officer who files the application and does not state facts. There is ground for the inference that the Legislature, in Section 25, attempted to put the application for search warrants upon the same basis as a Federal rule; that the facts to be stated in the application, or to be discovered by the justice of the peace, must be specific facts and not a general statement. But we have held that a direct statement of the existence of the facts is sufficient. See State v. Halbrook, 279

S. W. l. c. 398, in which case respectable authority from other states is cited to support that ruling. [People v. Knopka, 220 Mich. 540; 33 C. J. 680.] This ruling is on the theory that the officer who makes the affidavit has sufficient information or direct knowledge to authorize him to make the statement. He is an officer sworn to enforce the law, and credit is given him for good faith in making such application.

III. In the hearing of the motion to suppress, the defendant offered to prove and did prove, by the justice of the peace, that he took no evidence, but based his issuance of the writ solely upon the statement in the application. Whether or not this evidence was admissible, it did not affect the facts in the case because the warrant shows on its face that the justice found probable cause from the facts stated in the application.

The defendant then offered to prove by Mr. Pugh, the sheriff who filed the application, that the facts stated were not known to him of his own personal knowledge, "but were based upon hearsay, rumor and information furnished him by other parties." This evidence was excluded and error is assigned to that ruling. It may be noted that that offer does not exclude reliable information which the officer might have received from persons who knew the facts, nor does it exclude knowledge, not of the general facts, but of specific facts and circumstances which would give him reason to believe that the liquor was at the place mentioned. The facts might have been brought to his knowledge by circumstances of which he had direct knowledge. A case may be made out by circumstantial evidence, and he could have obtained his knowledge of the fact sworn to in the same way. So the offer by defendant was not sufficiently explicit to exclude such knowledge; it was properly overruled for that reason.

**Evidence of Existence of Facts.**

Further, finding of probable cause for the issuance of a writ is a judicial act. [Thorpe on Prohibition, 412; United States v. Maresca, 266 Fed. 724.] The effect of the offer made by the defendant in this case was to show that the evidence upon which the justice found the probable cause, was not true. The statute does not require the actual existence of the probable cause. The warrant is authorized to be issued "if it shall *appear to the satisfaction* of the court in which said petition is filed," etc., "that there is probable cause." That is, the finding of the judge or justice of the peace that there was probable cause cannot be impeached by showing that in fact he was mistaken. It can be impeached only when the want of probable cause appears on the face of the record. The evidence was, therefore, properly rejected.

**Impeaching Justice's Finding.**

IV. Appellant claims there was error in overruling the motion to suppress the evidence and return to the defendant certain property seized in the search as follows: "One black suit case filled with labels and stamps; twelve empty quart bottles; one tan suit case filled with labels and stamps; one machine alleged to be used to put seals on bottles; one machine alleged to be used to put corks in bottles; four sacks of so-called Scotch labeled corks; two cases of empty bottles."

**Return of Seized Articles.**

The black suit case contained some of the other articles, including particularly the Scotch labels. Those labels indicated that they were to be placed upon bottles containing "Gold Thimble; Fine Old Scotch Whiskey;" "Sunny Brook Bourboun, Distilled, Aged and Bottled in Bond." These appear in the record here in high colors, and guarantee liquor of a very high quality. The information did not charge the manufacture nor the transportation of liquor, but only the possession of liquor, under the Act of 1921 (Laws 1921, p. 413, amending Section 6588, Revised Statutes 1919)—a misdemeanor. These articles were not on any container of liquor, and of themselves would not prove the possession of liquor. The court should have sustained the motion for their return, and the defendant may yet, by proper proceeding, have them returned to him. But the error of the court in failing to return them at the time would not constitute error authorizing a reversal of the judgment.

V. In the motion for new trial the defendant assigns several reasons why the admission of such articles in evidence was error. One of them is that the search warrant was not authorized by the law and was contrary to defendant's constitutional rights. That objection has been disposed of above, in holding the search warrant valid.

**Evidence of Another Offense.**

Another reason for their inadmissibility, as set out in the motion, is that they were introduced by the State for the purpose of showing the defendant had committed other offenses than the offense charged in the information. What other offense is not mentioned, but the only other offense which could be suggested of which they might furnish some proof, would be the manufacture of liquor. The search warrant, in pursuance of the application, authorized the seizure of equipment and utensils used or fit for use in the manufacture of liquor. None such were seized, nor offered in evidence, and there was no other evidence to show the manufacture of liquor. When those exhibits were offered in evidence the defendant made this objection: "It does not appear from the testimony of the officer that these exhibits have anything to do with the manufacture of intoxicating liquor."

In order to be available, an objection to evidence made at the time it is offered must be carried forward in the motion for new trial. Having objected at the time that those exhibits had nothing to do with the manufacture of liquor, the assignment in the motion for new trial that they were offered for that purpose is hardly consistent with that position. The court in ruling upon that objection at the time those articles were offered, said: "The jury will understand that the defendant is charged with the unlawful possession of intoxicating liquor; of course he does not stand charged with the possession of those labels, machine, etc., but the jury may take that evidence into consideration." It is not shown that any such labels were on the liquor that was found, and it was a proper inference that the labels were intended to be placed upon the bottles which were found, as indicating the character of the contents; an admission by the defendant that the liquor possessed that character. The assignment in the motion for new trial that those exhibits were offered to show another offense—the manufacture of liquor—is incorrect because the record shows they were not offered nor received for that purpose, and could not have had that effect.

We are unable to find any reversible error in the record.

The judgment is affirmed. All concur.