THE STATE v. FOSTER S. NAETHING, Appellant.—300 S. W. 829.

Division Two, December 12, 1927.

*Harry W. Blair* and *Otto & Potter* for appellant.

534

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

BLAIR, J.—This case was argued and assigned for an opinion at the April Term, 1927, and comes to the writer upon reassignment.

Appellant was convicted in the Circuit Court of Jasper County of the misdemeanor of having possession of intoxicating liquor, contrary to the provisions of Section 6588, Revised Statutes 1919, as amended by Laws of 1921, page 414. His punishment was assessed by the jury at a fine of one thousand dollars and imprisonment in the county jail for six months, as authorized by Section 22, Laws of 1923, page 243. The presence of certain constitutional questions brings to this court the appeal granted from the judgment of the trial court.

If the evidence of the discovery made by the officers in the home of appellant was properly admitted, there was abundant substantial evidence which tended to establish the guilt of appellant and fully authorized his conviction. Under the sanction of a search warrant, the validity of which is vigorously assailed, the officers found a large quantity of wine, whiskey and other intoxicating liquors in appellant's residence in Joplin. On chemical analysis, some of the whiskey

showed an alcoholic content of 27.10 per cent by volume and wine from each of three containers showed from over ten per cent to over fourteen per cent of alcohol. There is no question about the intoxicating character of the liquor found in appellant's exclusive possession in his home. No evidence was offered by appellant to show that the liquor found in his possession had been lawfully acquired and was being lawfully used.

A motion to quash the search warrant and to suppress evidence as to liquor obtained thereunder was filed in the trial court and over-ruled. Subsequently, such evidence was admitted at the trial. Of these rulings appellant complains. No objection seems to have been made to the formal sufficiency of the search warrant itself. The assault goes to the sufficiency of the evidence which induced the justice of the peace to make a finding of probable cause. Roy Coyne, the Prosecuting Attorney of Jasper County, filed before the justice of the peace his petition for a search warrant supported by his affidavit, stating that "the matters and things set forth and alleged in the foregoing petition are true in substance and fact." That is to say, the affidavit purported to be made on the personal knowledge of the prosecuting attorney, and not upon his information and belief. The petition set forth that, upon the "premises of Foster S. Naething, 610 Hampton Place, Joplin, Jasper County, Missouri, intoxicating liquor is being unlawfully manufactured, sold, stored and kept; that thereat and therein is also being used and kept a still, doubler, worm, worm tub, mash, mash tubs, fermenting tubs, vessels, fixtures and equipment, and parts thereof, used and fit for use in the unlawful manufacture and production of intoxicating liquor," etc., and prayed that a search warrant issue thereon.

The search warrant recited the filing of the petition (describing the premises) and further recited "that from the facts set forth in said verified petition and the showing thereby and thereupon made it is found by me that there is probable cause to believe that the laws of the State of Missouri in relation to the prohibition of intoxicating liquor, as set forth in the statutes in such cases made and provided, are being violated at and in the buildings, structures and upon the premises and place described in said petition, and in the manner therein charged." The writ therefore commanded the sheriff to enter said premises to make search, etc.

The motion to suppress contained the grounds usually found in similar cases which have crowded our docket since the Court en Banc held that evidence obtained by unreasonable search and seizure is not admissible at the trial, if timely steps are taken to suppress same. [State v. Owens, 302 Mo. 348, 259 S. W. 100.]

The motion asserts that the search warrant was illegal because it was issued in violation of the Fourth and Fifth Amendments to the

538

United States Constitution and in violation of Section 11, Article II, and of Section 23, Article II, of the Missouri Constitution, and in .violation of Laws of 1923, page 244, because the application for said search warrant did not set forth substantially the facts upon which the same was based and did not set forth any facts or information sufficient in fact or in law to show probable cause, etc. It is contended that the application for such warrant was based upon hearsay statements; that no evidence was presented to the justice of the peace in support of the application; that the recital of the finding of probable cause does not recite the truth, etc.

At the hearing on said motion the appellant offered, and the trial court admitted, evidence tending to show that the only proof before the justice of the peace when he issued the search warrant was the petition for the same to which the prosecuting attorney was sworn by the justice. Upon this showing, appellant contends that the trial court erred in overruling the motion to suppress and later at the trial erred in admitting in evidence the liquors seized under such search warrant.

In the case of State v. Halbrook, 311 Mo. 1. c. 673, 279 S. W. 395, this court carefully reviewed and decided every contention made in the case at bar and ruled same adversely to the contention now made by appellant. It is unnecessary again to review the matter at length.

The Halbrook case was followed approvingly in State v. Stevens, 292 S. W. 36. In that case, in addition to the reasons set forth in the Halbrook case, for holding that a search warrant could not be quashed, and in approving the rejection by the trial court of evidence offered for the purpose of showing that the deputy sheriff had no actual knowledge of the facts stated by him in the application for the search warrant, Judge WHITE said: '

"Further finding of probable cause for the issuance of a writ is a judicial act. [Thorpe on Prohibition, 412; United States v. Maresca (D. C.), 266 Fed. 724.] The effect of the offer made by the defendant in this case was to show that the evidence upon which the justice found the probable cause was not true. The statute does not require the actual existence of the probable cause. The warrant is authorized to be issued— 'if it shall appear to the satisfaction of the court in which said petition is filed . . . that there is probable cause.' That is, the finding of the judge or justice of the peace that there was probable cause cannot be impeached by showing that, in fact, he was mistaken. It can be impeached only when the want of probable cause appears on the face of the record. The evidence was therefore properly rejected."

The same ground was gone over by Judge WHITE in the very recent case of State v. Marshall (Mo. Sup.), 297 S. W. 1. c. 67. See

also State v. Hammer (Mo. Sup.), 292 S. W. 60; State v. Richardson (Mo. Sup.), 292 S. W. 61, and State v. Gooch (Mo. Sup.), 285 S. W. 474. See also opinion by Judge WALKER in State v. Boyer, 318 Mo. 585, 300 S. W. 826.

The cases cited to this point in appellant's brief are all from other jurisdictions. They and cases like them have been considered by us in the cases above cited and we refused to follow them in the construction of our own Constitution and statutes.

In addition to the reasons considered in the foregoing cases, there is nothing in the language of Section 11, Article II, which requires the court or justice issuing the search warrant to take testimony, further than the affidavit stating the ultimate facts, before such magistrate may properly find probable cause for the issuance of a search warrant. The words "supported by oath or affirmation reduced to writing" aptly describe an affidavit. It is the rare exception when a court stops to reduce to writing the oral testimony adduced, before it will take action or announce its conclusions on the evidence. The words quoted clearly refer to an affidavit or a written statement duly verified and filed with the issuing magistrate.

Nor can it properly be said that the petition in the case at bar stated conclusions and not facts. It stated that intoxicating liquors were kept at the premises described and made other statements of fact. In examining the justice of the peace and the prosecuting attorney as witnesses upon the motion to quash, appellant was seeking to learn the evidence upon which the ultimate fact was based. It is nowhere regarded as good pleading to set out the evidence tending to establish the ultimate fact. Neither is it required that the evidence should be set out in an application for a search warrant. [State v. Boyer, supra.] If the ultimate facts are stated and the magistrate finds that the facts so stated constitute probable cause, he is authorized to issue the search warrant and under it the officer is authorized to search the premises described. His action in so finding can "be impeached only when the want of probable cause appears on the face of the record," as was so well said by Judge WHITE in State v. Stevens, supra.

We overrule the assignments of error made as to the trial court's rulings on the motion to suppress and upon the admission in evidence of the liquor discovered under the search made of appellant's premises.

Error is assigned because the trial court overruled appellant's motion to be permitted to inspect and examine and to take for analysis samples of the contents of certain bottles, jugs and other containers found in appellant's home and said to contain intoxicating liquor. We can see no reason why appellant should not have been accorded this privilege under such safeguards as the trial court thought

540

necessary in order to guard against any possible substitution or trickery. Appellant cites numerous cases under paragraph 2 of his brief, which our Reporter will append. They fully support appellant's right to such an inspection. No cases from this State are cited, but precedent of our own is scarcely necessary because the granting of such a request accords so thoroughly with our sense of what is fair and just to one accused of crime.

The learned Attorney-General seeks to justify the action of the trial judge in this particular on the ground that "defendant's motion did not state for what purpose he desired samples." This is evidently due to a misconception of the language of the motion. It asked for samples and an opportunity to inspect and examine the liquor because "defendant cannot safely proceed to trial unless and until he has said information." The clearly implied purpose of the motion was to enable appellant to examine and test the liquor in order that he might produce proof upon the trial, if he could, that the liquor was not intoxicating. Appellant was not foreclosed from offering proof on this issue at variance with evidence offered by the State. We regard the refusal of the trial court to permit such inspection and analysis as prejudicial error.

It is urged that error was committed in permitting the jury to see a large number of kegs and bottles which were taken from appellant's premises and not shown to contain intoxicating liquor. Without carefully examining the record to determine the facts, we are safe in saying that upon another trial, if he was not at the last trial, the trial judge should be careful only to permit containers identified as containing intoxicating liquor to be shown to the jury. Appellant cannot justly complain at the number of containers, if they are all shown to have contained intoxicating liquor and to have been in his possession unlawfully.

Error is assigned because the motion to quash the information was overruled. The information is in the language of the statute, but does not negative the proviso that "nothing in this act contained shall be so construed as to prevent, or prohibit, the possession of intoxicating liquor in the private residence of the owner thereof, when such intoxicating liquor has been lawfully acquired and being lawfully used." [Sec. 6588, Laws 1921, p. 414.]

There is no merit in this contention. Section 6596, Revised Statutes 1919, which is found in the same chapter and article with Section 6588 (Chap. 52, Art. VII), provides that it shall not be necessary in any information under said article "to include any defensive negative averments." This proviso has been ruled applicable to Section 6588, Revised Statutes 1919, as amended by Laws of 1921,

page 414, under which the information was drawn and filed. [State v. Hull, 279 S. W. 221, and State v. Lunfrunk, 279 S. W. 733.] See also State v. Gatlin, 267 S. W. 797.

In appellant's brief, we find this statement: "If the words 'except as hereinafter provided' had been left out of the definition of the offense then appellant's contention would be without merit, but the insertion of such words in the definition amounts to an incorporation of the exception in the definition and requires the State to negative that exception, and this is true notwithstanding the provisions of another section of the statute which provides, in substance, that in an indictment under the intoxicating-liquor law negative averments are unnecessary. This latter section cannot apply where the exception is a part of the definition of the crime itself under the authorities above quoted."

Appellant cites no authority in support of its contention, and we think no controlling authority can be found. The words "except as hereinafter provided" merely serve advance notice that certain acts are made exceptions to the crime defined. They do not have the effect of making the matters excepted part of the definition of the crime, nor do those words require an information or indictment based on said section to negative the possibility that the liquor was lawfully acquired or was being lawfully used. [State v. Mikel, 278 S. W. 670; State v. De Groat, 259 Mo. l. c. 375, 168 S. W. 702.]

As it was not necessary for the information to contain a negative averment that the liquor found upon appellant's premises had not been lawfully acquired and was not being lawfully used, it was not necessary for the State to offer proof to that effect. Such proof, if it could have been made, was purely defensive, was peculiarly within the knowledge of appellant and should have been offered by him.

Appellant assigns error in his brief, "Because the court erred in permitting the jury to or members thereof to uncork and smell bottles handed to them by the prosecuting attorney and overruling defendant's objection thereto."

No specific assignment of this character is found in the motion for new trial. Assignment 8 in such motion is too general to meet the requirements of Section 4079, Laws of 1925, page 198. [State v. Standifer, 289 S. W. 856.] However, in view of the possibility that this question may arise upon retrial, it may not be deemed out of place to say that the case of State v. Sissom, 278 S. W. 704, l. c. 705, and cases there cited, fully consider this question.

Other matters complained of in the motion for new trial are of such character that they will probably not recur upon another trial and a consideration of them is not necessary. For the error pointed out, the judgment is reversed and the cause remanded. *Walker, J.*, concurs; *White, P. J.*, concurs in the result.