THE STATE v. GEORGE BRUGIONI, Appellant.—7 S. W. (2d) 262.

Division Two, May 25, 1928.

*Waldo Edwards* for appellant.

*North T. Gentry*, Attorney-General, and *A. M. Meyer*, Special Assistant Attorney-General, for respondent.

WALKER, J.—The defendant was charged by information on two counts in the Circuit Court of Macon County with a violation of the prohibition law; the first count charged the manufacture of whiskey and the other the use of a still, etc., for the manufacture of whiskey. At the close of the evidence the State elected to proceed on the second count and the first count was dismissed. On the submission of the case to the jury the defendant was convicted under the second count, and his punishment assessed at a fine of eight hundred dollars and imprisonment in the county jail for one year. From that judgment he appeals.

Before filing the information in the circuit court the prosecuting attorney made an application before a justice of the peace, under Section 25, Laws 1923, page 244, verified by his oath, for a search warrant, alleging that within a certain building and premises, the location of which was described, owned by and in the possession of the defendant, intoxicating liquor was being manufactured and that a still was there being kept and used for the manufacture of intoxicating liquor. A search warrant was issued in conformity with the averments of the application. The sheriff executed this warrant and in so doing found a still and its necessary accessories in operation in said building and in the possession of the defendant. Upon

the evidence thus obtained the prosecuting attorney filed the information. The defendant, by an affidavit of prejudice, disqualified the circuit judge of that circuit, and Judge WALKER of the Ninth Circuit was called to try the case. Upon the case being called for trial the defendant filed a motion to quash the search warrant and to suppress the evidence thereby obtained. The grounds of this motion were; (1) that the warrant did not state facts authorizing its issuance; (2) that it was made without the personal knowledge by the prosecuting attorney of the facts therein stated but solely upon his information and belief; and (3) that it was issued in violation of the personal rights of the defendant, guaranteed to him under Section 11 of Article 2 of the Constitution of this State. After permitting the introduction of testimony the court overruled the same. Thereafter defendant waived arraignment, entered a plea of not guilty and a trial was had, resulting in the conviction of the defendant as stated.

The matters in controversy which have been preserved in the record and are stressed by the appellant to secure a reversal are for our consideration.

I.   It is contended that the search warrant issued by the justice of the peace on the application of the prosecuting attorney was void in that its affirmative allegations were made on information and belief in the absence of testimony authorizing the justice to find probable cause for the issuance of the same. The purpose of the constitutional provision (Sec. 11, Art. 2, Const. Mo.) relating to the issuance of search warrants was to define and limit the authority of the courts to reasonable searches and seizures, and thereby prevent an invasion of personal rights guaranteed under the organic law. The allegations in support of the warrant are affirmatively made and although evidence aliunde was introduced to show that the application was made on information and belief this does not invalidate the warrant. We so held in State v. Hammer, 292 S. W. (Mo.) 60; State v. Richardson, 292 S. W. (Mo.) 61, and earlier cases. Error is not committed by a trial court in refusing to permit an appellant to offer evidence for the purpose of controverting the affirmative allegations made in the application for the warrant. [State v. Gooch, 314 Mo. 646, 650, 285 S. W. 62; State v. Halbrook, 311 Mo. 664, 673, et seq., 279 S. W. 1. c. 399; State v. Cobb, 273 S. W. (Mo.) 1. c. 738.]

This warrant was issued under the provisions of Section 25, Laws 1923, page 244. Section 25, which we have held not in violation of Section 11 of Article 2 of the Constitution (State v. Halbrook, 311 Mo. 664, 279 S. W. 1. c. 399), provides, among other requisites not

relevant here, that if it shall appear to the officer before whom it is filed, either from the facts set forth in the petition *or* from evidence heard thereon, that there is probable cause to believe, etc., it shall be the duty of the officer before whom said petition is filed to issue or cause said writ to be issued. It will be seen, therefore, that the finding of probable cause to authorize the issuance of the warrant is dependent upon one of two conditions; first, upon the allegations of the petition alone and, second, if this be not sufficient, upon evidence heard thereon. Under the first condition, if the petition is affirmative in its nature and contains the allegations required by the statute, it will, without more, constitute such probable cause as will authorize the issuance of the warrant. This finding of probable cause sufficiently appearing on the record, testimony to impeach it was properly excluded and the issuance of the writ was authorized. [State v. Stevens, 292 S. W. 37, and State v. Cobb, 309 Mo. 89, 273 S. W. 736; State v. Boyer, 300 S. W. (Mo.) 826; State v. Naething, 300 S. W. 829; State v. Vilott, 1 S. W. (2d) 827.] It is only where the petition does not on its face show probable cause that evidence to establish it is necessary. [State v. Marshall, 297 S. W. (Mo.) 63.]

II.   In the presence of the evidence showing the defendant's guilt as set forth in the statement of the facts, the motion filed by him in the nature of a demurrer to the proof was properly overruled.

III.   The objection to the testimony of the witnesses for the State is based upon the assumption that it was procured under a void search warrant. The latter having been shown to conform to the Constitution and the statute and its issuance being therefore authorized and the testimony being otherwise admissible the objection is devoid of merit.

IV.   It is urged that the trial court erred in not sustaining the defendant's motion to require the State, in advance of the trial, to elect upon which count of the information it would proceed, instead of requiring such an election as it did, at the close of the evidence and before the case was submitted to the jury.

The rule is that a defendant cannot be convicted of two distinct felonies charged in the same indictment or information, barring certain statutory exceptions. In the instant case the information in two counts charged the defendant in the one with the manufacture of intoxicating liquor and in the other with the use of a still for the manufacture of such liquor. The manufacture of the liquor,

therefore, of necessity, involved the use of the still and the use of the latter resulted in the manufacture of the liquor. The logic of the situation, therefore, is that two offenses are charged, the commission of one of which will involve the commission of the other; and while the information cannot be said to charge the same offense in different ways, it does charge two offenses growing out of the same transaction, a conviction of one of which should in reason be held to bar a prosecution for the other. This being true the court did not err in overruling the defendant's motion to require the State to elect upon which count it would proceed at the beginning of the trial, but properly sustained the State's election to proceed only upon the second count after the introduction of the evidence, upon which count the case was submitted to the jury. The manner in which the charges were made rendered it necessary for the court to hear the evidence before an intelligent ruling could be made upon the question of election. This is apparent without a presentation of the reasons therefor. In cases involving similar features to those under review we have approved rulings of the trial courts sustaining election after the introduction of testimony and before the submission of the case to the jury. [State v. Collins, 297 Mo. 261, 248 S. W. 599; State v. Brown, 296 S. W. 124, 127; State v. Gholson, 292 S. W. 27; State v. Bryant, 289 S. W. 938; State v. Young, 266 Mo. 723, 731, 183 S. .W. 305 and cases; State v. Christian, 253 Mo. 382, 392, 161 S. W. 736.]

The reason underlying the rulings in these cases as to an election, where more than one count is pleaded, is thus tersely expressed in the Young case (p. 731), supra, as follows:

"The legal test of permitted joinder is not whether the offenses charged in different counts of a single information as having been committed in different ways are, or are not, defined and denounced by different sections of the criminal code. The test is: Whether such offenses arose out of the same transaction, and are so far cognate as that an acquittal or a conviction of one would be a bar to a trial for the other."

Upon an examination of the cases cited by the defendant in support of his contention as to an election, it will be found that where it has been held that an election should be required when the defendant enters his plea, is where a less timely election would prove prejudicial to him. There is no basis for that contention at bar. The only evidence introduced by the State, aside from the incidental facts flowing from the direct proof, was as to the use of the still, which was the offense charged in the second count. Aside from this there was no defense interposed by the defendant other than that of good character. No other issue than that made by the second count

having been submitted and the verdict being responsive thereto the defendant could have suffered no prejudice from the presence of the first count in the information. We so held in State v. Gholson, supra. Under the plain provisions of our statute (Sec. 3908, R. S. 1919), a reversal under such a state of facts as at bar is unauthorized.

V. It is contended that certain remarks made by the prosecuting attorney in his closing argument were prejudicial. We do not so construe them. In discussing the testimony the prosecuting attorney referred to the defendant's conduct and statements made to the sheriff when the latter was searching his premises. After stating what the defendant said and did, the prosecuting attorney remarked "and he (referring to the defendant) don't deny that." This, under the most strained construction does not violate the statutory rule, Section 4037, Revised Statutes 1919, prohibiting a reference to the defendant's failure to testify. It was simply a fair deduction drawn from defendant's voluntary statements and conduct made in the presence of the sheriff before the defendant was arrested for the offense with which he was charged. From the many and oftentimes trivial objections made by defendants to remarks of counsel for the State it is evident that they would have the statute so construed as to limit such remarks to the complaisant utterances of the drawing room. Justice, righteously administered, has not a touch of velvet or a tone of gentle soothing. Nor was there error in the remark of the court in reprimanding defendant's counsel for the petulant manner in which he manifested his displeasure as to the court's ruling on the testimony. The court ruled properly and with judicial dignity.

No prejudicial error having been committed the judgment of the trial court is affirmed. All concur.