STATE v. VERN ROBINSON, Appellant.—No. 39157.—188 S. W. (2d) 664.

Division Two, June 11, 1945.

Rehearing Denied, July 2, 1945.

*Claude C. Fogle* for appellant.

*Roy McKittrick*, Attorney General, and *Lloyd E. Boas*, Assistant Attorney General, *J. E. Taylor*, Attorney General, and *W. Brady Duncan*, Assistant Attorney General, for respondent.

WESTHUES, C.—Appellant was · convicted in the circuit court of Sullivan county, Missouri, on a charge of burglary and larceny and sentenced to serve three years' imprisonment for the burglary and two years for the larceny. He appealed.

The only points briefed by appellant pertain to the issuance of a search warrant and the evidence obtained in the search made pursuant thereto. These points were raised by a motion to suppress the evidence. It will be necessary to review the evidence introduced at the trial which was substantially as follows: Otto Lucas owned and operated a retail store in Greencastle, Sullivan county. He had on hand a quantity of whiskey and other merchandise. On the evening of November 29, 1942, Lucas left his store at about 8:00 P. M. and returned about two hours later, when he found that the lights had been turned out and a coal chute broken open. An investigation revealed that twenty-seven cases of whiskey valued at $685.00; eight cartons of cigarettes valued at $10.00 and $80.00 in cash were missing. A witness for the state testified that he saw appellant walking in the street near the store building shortly after 8:00 P. M. on the night in question. Two other witnesses testified that they saw two men in the store on the night in question at about 9:00 o'clock and that they recognized appellant as one of these men. A number of witnesses testified of having seen appellant on the highway near Greencastle on that night. Another witness testified that appellant visited him about three weeks after the alleged theft and that he saw a number of cases of whiskey in appellant's truck; that it was Schenleys whiskey, the same brand as the whiskey stolen from the store. The only article obtained in the search and introduced in evidence was a pasteboard box which was marked Exhibit E. Lucas, owner of the store, testified that the exhibit was in his store when he last saw it and contained twenty-four pints of Schenleys Red Label Whiskey; that he checked the serial numbers and wrote the number 286421 on the box at the time the shipment was received; that that number appeared on Exhibit A. A witness testified that he was employed at the wholesale house dealing in Schenleys whiskey and that a case of such whiskey bearing that number had been sold to Lucas in October, 1942.

Appellant filed a motion to suppress the articles obtained under the search warrant wherein he relied upon the following two grounds to suppress the evidence. First, that the defendant was not at home at the time the search was made; second, that the search warrant issued under the provisions of sec. 4916, R. S. Mo. 1929, Mo. Rev. St. Ann., was not supported by a proper application and not supported by evidence showing probable cause as required by law. The evidence in support of the motion to suppress was substantially as follows: As to the first point, the evidence disclosed that appellant's wife was home when the search was made, but that appellant was not. As to the second point, it showed that the application for the search warrant was made by the prosecuting attorney of Adair county, Missouri, in which county appellant lived. In this application it was stated that the prosecutor "upon his oath states that at and in a certain building, structure motor vehicle and conveyance hereinafter described in the said County and State, intoxicating liquor is being unlawfully manufactured, sold, stored, kept and transported, and that thereat and therein is being used and kept a still, doubler, worm, worm tub, mash, mash tub, fermenting tub, and certain vessels, fixtures and equipment and parts thereof used and fit for use in the unlawful manufacture and production of intoxicating liquor, . . ." No oral testimony was offered. The search warrant was issued solely upon the sworn application of the prosecutor. The evidence further disclosed that in the search no evidence of any unlawfully manufactured whiskey was found. Exhibit E, offered in evidence in support of the burglary and larceny charge, was found and also a quantity of Schenleys whiskey. The whiskey was later returned to appellant, but Exhibit E was retained by the officers. Appellant in his brief, urging that the search warrant was illegal because appellant was not at home at the time, cited two cases: State v. Richards, 334 Mo. 485, 67 S. W. (2d) 58 and State v. Wilkerson, 349 Mo. 205, 159 S. W. (2d) 794. In the Richards case the charge was murder committed in the perpetration of a robbery. The search warrant described a .38 caliber revolver. Such a revolver had been used in the robbery. The home of appellant was searched. A .32 caliber revolver and a sheepskin coat were taken. This court held that the .32 caliber revolver and the sheepskin coat were illegally taken under the search warrant because they were not mentioned therein, had no connection with the crime charged and were not contraband per se. 67 S. W. (2d) 58, l. c. 61 (5-7). The fact that appellant was not at home at the time was mentioned to show there had been no waiver of the search. The same is true of the Wilkerson case. The evidence disclosed that the defendant was not at home, but that the wife of defendant gave consent to the search. It was held by this court that the wife could not waive the defendant's rights in this regard. The opinion does not hold that the trial court should have sustained or did sustain the motion to suppress on the

78

ground that appellant was not at home. The applicable rule is stated in 56 C. J. 1241, sec. 160:

"Since the service of a warrant for the search of premises is sufficient when made at the place designated in the warrant, it is not necessary to the validity of a search and seizure that it be made, in the presence of accused; hence the effect of the warrant cannot be avoided by accused by absence when the warrant is executed. Nor is it necessary that service of the warrant be made on the owner of the premises when in jail."

As to the second point, appellant urges that the search warrant was void because the record disclosed that no sufficient affidavit or evidence was offered to show probable cause. To this we cannot agree. The allegations contained in the application, duly sworn to by the prosecutor, were not based upon his information and belief, but were stated as facts. Such an application is sufficient to support the issuance of a search warrant. It was expressly so held in State v. Naething, 300 S. W. 829, l. c. 831 (1) (2-5), 318 Mo. 531; State v. Brugioni, 320 Mo. 202, 7 S. W. (2d) 262, l. c. 263 (1-3).

We must, therefore, conclude that the officers executing the search warrant were legally on appellant's premises for the purpose of searching for illegally manufactured whiskey and utensils used in the making of illicit liquor. Being on the premises legally for that purpose, did the officers have the right to seize stolen property found on the premises? We think so. Possession of the stolen property was unlawful per se. It was therefore contraband and subject to seizure when discovered by the officers legally on the premises. 56 C. J. 1166, also page 1244, sec. 164, and the following cases which sustain our ruling: State v. McKindel, 268 (Wash.) Pac. 593; United States v. Old Dominion Warehouse, 10 Fed. (2d) 736, l. c. 738 (2, 3).

Appellant in his brief insists that the bases for obtaining the search warrant were fictitious and were used merely as a device and subterfuge to enter defendant's home, and that after being in the home the lawfully made whiskey, the real object of the search, was seized. Suffice to say on this point that it was not covered by the motion to suppress and no evidence was offered to sustain that charge. It is therefore not before us for review. The evidence in this case was certainly sufficient upon which to base a search warrant for the purpose of searching appellant's premises for the stolen property. Why a search warrant was obtained under the provisions of the liquor control statute the record does not disclose and we are not in a position to decide that question. The record proper, that is the information, arraignment, selection of jury, trial, verdict and sentence are in proper form.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.