STATE of Missouri, Respondent,

v.

Bill Frank TAYLOR, Appellant.

No. 50866.

Supreme Court of Missouri,

Division No. 1.

June 14, 1965.

Motion for Rehearing or for Transfer to Court En Banc Denied July 12, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Martin M. Lipsitz, Sp. Asst. Atty. Gen., St. Louis, O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

Richard E. Graulich, Anthony J. Romano, Romano & Graulich, Kansas City, for appellant.

HIGGINS, Commissioner.

Bill Frank Taylor was convicted by a jury of the felony of receiving stolen property of a value greater than $50. He was fined $1,000 and sentenced to imprisonment for one year in the Jackson County jail. Sections 560.270 and 560.161, RSMo 1959, V.A.M.S. His sole contention is that the court erred in not sustaining his motion to quash search warrant and suppress evidence.

At the hearing on the motion to quash and suppress, the evidence included defendant's Exhibits 1, 2, and 3, each of which consisted of a complaint, a search warrant, and a return and inventory. The complaints were alike as were the search warrants, except that each exhibit described different stolen personal property and places to be searched. Representative is Exhibit 3:

"COMPLAINT FOR SEARCH WARRANT TO AUTHORIZE THE SEARCH FOR STOLEN PROPERTY
   (Without Supporting Affidavits)

"STATE OF MISSOURI,
County of Jackson, } ss

IN THE CIRCUIT COURT WITHIN AND FOR SAID COUNTY

Billy J. Witcig, being duly sworn, deposes and states that certain personal property, to-wit: Men's clothing, consisting of (35) top coats; (24) sport coats; (24) student's suits; (139) dress suits; and Ladies clothing, consisting of, (7) coats and (9) Car-Coats. Clothing bears following labels, Westerfield, Royal Hall, University Hall, Golden Emblem, & the Robert Hall label itself, also Harris Tweed, Cereni, Jane Hunter and Lady Lucy labels of the goods and chattels of Robert Halls Clothes, Inc.,

has been heretofore unlawfully stolen, and that said property is now being held and kept at the following place in the said county and state, to-wit: A grey one-story frame house, with a blue composition roof, and a basement, at 5409 Laurel, in Raytown, Jackson County, Missouri. Wherefore complainant prays that a search warrant be issued as provided by law.

s/ Billy J. Witcig
———————————
Affiant

"Subscribed and sworn to before me this 11th day of December, 1962.

s/ John H. Lucas
———————————
JUDGE OF SAID COURT

"SEARCH WARRANT AUTHORIZING SEARCH FOR STOLEN PROPERTY
(Complaint under Form No. 37)

"STATE OF MISSOURI ⎱ ss
COUNTY OF JACKSON ⎰

IN THE CIRCUIT COURT OF JACKSON COUNTY DIVISION NO. 7

"THE STATE OF MISSOURI TO ANY PEACE OFFICER IN THE STATE OF MISSOURI

"WHEREAS a complaint in writing, duly verified by oath, has been filed with the undersigned Judge of this court, stating that heretofore the following described personal property, to-wit:

"Men's clothing, consisting of (35) top coats; (24) sport coats; (24) student's suits; (139) dress suits; and Ladies clothing, consisting of, (7) coats; and (9) Car-Coats. Clothing bears following labels, Westerfield, Royal Hall, University Hall, Golden Emblem, & the Robert Hall label itself, also Harris Tweed, Cereni, Jane Hunter and Lady Lucy labels of the goods and property and chattels of Robert Halls Clothes, Inc., 1203 North 7th St., Kansas City, Kansas has been unlawfully stolen, and it further appears from the allegations of said complaint that said property is being kept or held in this county and state at and in: A grey one-story frame house, with a blue composition roof, and a basement, at 5409 Laurel, in Raytown, Jackson County, Missouri.

"NOW THEREFORE, These are to command you that you search the said premi-(ses) above described within 10 days after the issueance of this warrant by day or night, and take with you, if need be, the power of your county, and, if said above described property, or any part thereof be found on said premises by you, that you seize the same and take same into your possession, making a complete and accurate inventory of the property so taken by you in the presence of the person from whose possession the same is taken, if that be possible, and giving to such person a receipt for such property, together with a copy of this warra(nt) or, if no person be found in possession of said property, leaving said receipt and said copy upon the premises searched, and that you thereafter return the property so taken and seized by you, together with a duly verified copy of the inventory thereof and with your return to this warrant to this court to be herein dealt with in accordance with law.

"WITNESS MY HAND AND THE SEAL OF THIS COURT ON THIS eleventh DAY OF December, 1962.

s/ JOHN H. LUCAS
———————————
JUDGE OF SAID COURT"

Criminal Rule 33.01(a) V.A.M.R. provides: "If a complaint in writing be filed with the judge or magistrate of any court having original jurisdiction to try criminal offenses stating that personal property (1) which has been stolen or embezzled, or (2) the seizure of which under search warrant is now or may hereafter be authorized by any statute of this State, is being held or kept at any place or in any building, boat, vessel, car, train, wagon, aircraft, motor vehicle or other vehicle or upon any person within the territorial jurisdiction of such

judge or magistrate, *and if such complaint be verified by the oath or affirmation of the complainant and states such facts positively and not upon information or belief*; or if the same be supported by written affidavits verified by oath or affirmation stating evidential facts from which such judge or magistrate determines the existence of probable cause, then such judge or magistrate shall issue a search warrant directed to any peace officer commanding him to search the place therein described and to seize and bring before such judge or magistrate the personal property therein described." (Italics added.)

Appellant contends that the italicized portion of the Rule "is unconstitutional and in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States of America, and Section 15, Article I of the Missouri Constitution, V.A.M.S. as there was no proper showing of probable cause for the procurement of the search warrant; there was no showing that any oral statements made by the applicant * * * was (sic) reduced to writing and verified by the applicant; there was no written affidavit signed by the applicant; nor was there any showing the affiant was sworn by the Judge * * *, nor any showing that the informant was reliable."

The Rule contains two situations in which a search warrant shall issue. The first situation exists upon the filing of a complaint for search warrant which is verified by oath or affirmation of the complainant and which states facts positively and not upon information or belief. The second situation exists when the complaint is supported by written affidavits stating evidential facts from which the judge determines probable cause. In the first situation, the verified statement of positive facts empowers the court to issue the search warrant; in the second, the court determines probable cause for issuance of the warrant from the facts contained in the complaint and from the affidavits or other evidence submitted to support the com-

plaint. We are dealing here with the first situation only.

■■ The complaint here is written and shows on its face to have been signed by the complainant or applicant; further examination reveals that the complainant was duly sworn and that he stated positively that certain stolen personal property was held· and kept at a certain location. The warrant recites and shows a finding of the filing of such a complaint, and upon that finding the court ordered the search warrant to issue. Under the Rule supporting affidavits are not required when the complaint contains on its face positive statements of probable cause verified by the oath of the complainant, and it would be difficult to draft a more succinctly positive statement than the complaint here contains. This, then, is clearly a compliance with the Rule, State v. Naething, 318 Mo. 531, 300 S.W. 829, 831 [2–5]; State v. McIntosh, Mo., 333 S.W.2d 51, 59 [12]; State v. Halbrook, 311 Mo. 664, 279 S.W. 395; State v. Brugioni, 320 Mo. 202, 7 S.W.2d 262, 263 [1–3] [4]; and it was not necessary for the court to reduce to writing any oral statements made by the complainant, State v. McCowan, 331 Mo. 1214, 56 S.W.2d 410, 414 [7, 8]; nor was it necessary to state that the defendant was in possession of the property listed where it was stated positively that the property was held and kept at a described place within the jurisdiction of the judge. Finally, there is no requirement that the court make a specific determination of the reliability of the informant. The warrant recites, however, that a duly verified complaint had been filed, and we hold this to be sufficient. State v. McCowan, supra, 56 S.W.2d l. c. 414 [3, 4]. See also State v. Stevens, 316 Mo. 602, 292 S.W. 36, 37 [2], 38 [4].

Appellant cites a number of federal cases which are distinguishable. In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L. Ed.2d 723, the affidavit for search warrant stated that "Affiants have received reliable

information from a credible person and do believe, etc." The affidavit provided no further information concerning either the undisclosed informant or the reliability of the information. The court held that although an affidavit for search warrant may be based on hearsay and need not reflect direct personal observations of the affiant, in such cases there must be supporting circumstances to meet the standard of reasonableness. This case is not in point because it does not deal with a verified complaint which states facts positively. Rather it is clearly an information and belief situation such as is described in the second part of Rule 33.01. To the same effect is Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159, where "It (the warrant) went upon a mere affirmation of suspicion and belief without any statement of adequate supporting facts." In Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503, the court said: "When the complaint (for warrant of *arrest*) in this case is judged with these considerations in mind, it is clear that it does not pass muster because it does not provide any basis for the Commissioner's determination under Rule 4 that probable cause existed. *The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein*; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be .made." (Italics added.) The affidavit in that case was, in the judgment of the court, a mere conclusion, and the case does not establish invalidity of the first part of our Rule 33.01 governing search warrants. The italicized portion of the holding tends rather to be in support of the validity of our Rule. In United States ex rel. Edward J. Mancini v. Rundle, Pa., D.C., 219 F.Supp. 549, the search warrant was issued on an unsworn complaint and affidavit which recited no facts from which a determination could be made. And, in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436, Fahy v. State of Connecticut, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171, and Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed. 2d 726, the search in question was made without a warrant. In Sgro v. United States, 287 U.S. 206, 53 S.Ct. 138, 77 L. Ed. 260, the warrant had become void for failure to execute within the time prescribed, and in Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, there was also a question of improper execution. None of these cases are in point.

We conclude that the complaint and search warrant in this case were in compliance with, and as authorized by, Criminal Rule 33.01, and that the provision of that Rule under attack here is not inconsistent with constitutional guarantees against unlawful searches and seizures for any of the reasons stated.

We have examined those matters as required by Criminal Rule 28.02, V.A.M.R. The amended information is sufficient to charge the offense of receiving stolen property to which defendant pleaded not guilty. The verdict is in proper form, is responsive to the issues, and the punishment is within the limits prescribed by law. Defendant and his counsel were present throughout the trial and counsel represented defendant on appeal. Allocution was granted and the judgment and sentence was responsive to the verdict.

The judgment is affirmed.

HOUSER and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HIGGINS, C., is adopted as the opinion of the court.

All concur.